1   Robert A. Bailey (#214688)
        rbailey@afrct.com
2   Dean A. Reeves (#150558)
        dreeves@afrct.com
3   ANGLIN FLEWELLING RASMUSSEN
        CAMPBELL & TRYTTEN, LLP
4   199 South Los Robles Avenue, Suite 600
5   Pasadena, California 91101-2459
    Tel: (626) 535-1900; Fax: (626) 577-7764
6
7   Attorneys for Defendant
    WELLS FARGO BANK, N.A., successor by
8   merger with Wells Fargo Bank Southwest,
    N.A., formerly known as Wachovia Mortgage,
9   FSB, formerly known as World Savings Bank,
    FSB ("Wells Fargo") (erroneously sued
10  separately as "Wells Fargo Bank, N.A." and
    "World Savings Bank, FSB")

11

12                  UNITED STATES DISTRICT COURT

13      NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO/OAKLAND DIVISION

14

15  CESARIO OCAMPO & AURA OCAMPO,          CASE NO.:  CV 11 4646

16                  Plaintiffs,            DECLARATION OF WANDA
                                           WRIGHT IN SUPPORT OF NOTICE
17          vs.                            OF REMOVAL BY DEFENDANT
                                           WELLS FARGO PURSUANT TO 28
18  U.S. BANCORP a Parent Company of U.S. Bank   U.S.C. § 1332 [DIVERSITY
    National Association trustee for Mortgage Loan   JURISDICTION]
19  Asset-Backed Certificate, Series 2005-WMC1;
    WELLS FARGO BANK, N.A.; WORLD
20  SAVINGS BANK, FSB; ALL PERSONS
    CLAIMING BY, THROUGH, OR UNDER
21  SUCH PERSON, OR PERSONS, ALL
    PERSONS UNKNOWN, CLAIMING ANY
22  LEGAL OR EQUITABLE RIGHT, TITLE,
    ESTATE, LIEN, OR INTEREST IN REAL
23  PROPERTY DESCRIBED IN THIS
    COMPLAINT AS "3718 BRUNSWICK COURT
24  SOUTH SAN FRANCISCO, CA 94080,"
    ADVERSE TO THE PLAINTIFFS' TITLE
25  THERETO, OR ANY CLOUD ON
    PLAINTIFFS' TITLE THERETO and DOES 1
26  THROUGH 100, INCLUSIVE,

                    Defendants.
27

28

95451/001067/00228955-1                   1



1    I, Wanda Wright, declare as follows:

2    1.    I am employed by Wells Fargo Bank, N.A., also known as Wachovia Mortgage, a

3    Division of Wells Fargo Bank, N.A. ("Wells Fargo"), successor by merger of Wachovia

4    Mortgage, FSB, which was formerly known as World Savings Bank, FSB (collectively, "the

5    Bank"), as Vice-President of Loan Documentation and Loan Administration Manager for the

6    Asset Management Department. I have worked for the Bank for 9 years.

7    2.    As part of my daily job duties, I have full access to the Bank's loan files, including

8    loan ownership history. I am responsible for reviewing and verifying loan documents required

9    during litigation. I have extensive personal familiarity with the Bank's customs, practices and

10   protocols as to the lending operations of Wells Fargo, and particularly the loan portfolio of World

11   Savings Bank, FSB and Wachovia Mortgage, FSB, having been employed by the Bank for nine

12   years, and now as the Vice-President of Loan Documentation with the Wachovia division of

13   Wells Fargo. I make this declaration, and could competently testify in open court as to these

14   matters, based on my personal knowledge of Wells Fargo's operations and records as described

15   herein. I also have personal knowledge of the matters set forth in this declaration, having

16   reviewed the specific documents and records mentioned in and/or attached to this declaration.

17   These documents and records of Wells Fargo are, by its custom and practice, made

18   contemporaneously with the act so noted in its records; and these records and documents are kept

19   in the ordinary course of its business.

20   3.    I have reviewed the loan file and history associated with Loan No. 0040516882 (the

21   "Loan"), which evidence that on or about July 18, 2005, World Savings Bank, FSB made a

22   $487,500 loan to borrowers Cesario Ocampo and Aura Ocampo (the plaintiffs in the instant

23   action) (hereinafter "Borrowers"), which was memorialized in an Adjustable Rate Mortgage Note

24   – Pick-A-Payment Loan ("Note") and secured by a Deed of Trust ("the Deed of Trust") on the

25   residence at 3718 Brunswick Court, South San Francisco, CA 94080 (the "Property"). World

26   Savings Bank, FSB was the original lender and the beneficiary of the Deed of Trust that secures

27   the Note. Attached hereto as Exhibits 1 and 2, respectively are true and correct copies of the Note

28   and Deed of Trust.
     95451/001067/00228955-1                    2

1    4.    On or about December 13, 2005, the Loan was securitized into REMIC 22 and the

2    security was named "World Savings Mortgage Pass-Through Certificates, Series 22 Trust"

3    (World Savings Trust), with Bank of New York as the Trustee and World Savings Bank, FSB as

4    beneficiary.

5    5.    The Loan was never included as part of a security or trust named Mortgage Loan

6    Asset-Backed Certificate, Series 2005-WMC1. U.S. Bancorp was never the trustee for the World

7    Savings Trust.

8    6.    World Savings Bank, FSB was renamed Wachovia Mortgage, FSB on December 31,

9    2007, as shown by a letter dated November 19, 2007 from the Office of Thrift Supervision

10   ("OTS"). A copy of the OTS' letter is attached Exhibit 3.

11   7.    On or about July 9, 2007, Wachovia Mortgage, FSB repurchased the loan from the

12   World Savings Trust.

13   8.    Effective November 1, 2009, Wachovia Mortgage, FSB was converted to a national

14   bank with the name Wells Fargo Bank Southwest, N.A., and merged with and into Wells Fargo

15   Bank, N.A. These events are confirmed in the Comptroller of the Currency's Official

16   Certification. A copy of the Official Certification is attached as Exhibit 4.

17   9.    When Wachovia Mortgage, FSB was merged into Wells Fargo, all of the loans in its

18   portfolio, including the Loan, were included in the merger. Thus, on November 1, 2009, Wells

19   Fargo became the owner of the Loan and the beneficiary of the Deed of Trust. The original note

20   is in a vault at the Bank's facility in San Antonio, Texas.

21   10.    On or about May 1, 2009, the Borrowers defaulted on the Loan, so the Bank

22   instituted foreclosure proceedings under the Deed of Trust. The Notice of Default, which

23   commenced foreclosure proceedings, was recorded on May 2, 2011 in the official records of San

24   Mateo County as Document No. 2011-049882. A copy of the Notice of Default is attached to as

25   Exhibit 5.

26   //

27   //

28   //
     95451/001067/00228955-1                                    3

1       11.   On or about February 5, 2010, the Bank substituted Cal-Western Reconveyance

2 Corporation as trustee under the Deed of Trust, replacing Golden West Savings Association

3 Service Co. A copy of the Substitution of Trustee recorded in the official records of San Mateo

4 County on April 7, 2010 as Document No. 10-37428 is attached as Exhibit 6.

5       I declare under penalty of perjury under the laws of the State of California, that the

·6 foregoing is true and correct.

7       Executed this _16th_ day of September, 2011, at San Antonio, Texas.

8

9                                     WANDA WRIGHT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



45451,1067

**WORLD SAVINGS BANK, FSB**

# ADJUSTABLE RATE MORTGAGE NOTE

## PICK-A-PAYMENT LOAN

### CERTIFICATES OF DEPOSIT INDEX

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE, MY MONTHLY PAYMENT
AND MY UNPAID PRINCIPAL BALANCE  MY MONTHLY PAYMENT INCREASES, MY INTEREST RATE INCREASES
AND MY PRINCIPAL BALANCE INCREASES ARE LIMITED  THIS NOTE IS SECURED BY A SECURITY INSTRUMENT
OF THE SAME DATE.

LOAN NUMBER  **0040516882**                                    DATE  **July 18, 2005**

BORROWER(S)  **CESARIO OCAMPO AND AURA OCAMPO, HUSBAND AND WIFE**   sometimes called "Borrower" and
sometimes simply called "I" or "me "

PROPERTY ADDRESS  **3718 BRUNSWICK CT, SOUTH SAN FRANCISCO, CA  94080-5205**

1  **BORROWER'S PROMISE TO PAY**
   In return for a loan that I have received, I promise to pay U S  **$487,500.00** , called "Principal," plus interest, to the order of the
Lender  The Lender is **WORLD SAVINGS BANK, FSB, a FEDERAL SAVINGS BANK,, ITS SUCCESSORS AND/OR
ASSIGNEES**, or anyone to whom this Note is transferred

2  **INTEREST**

   **(A)   Interest Rate**
   Interest will be charged on unpaid Principal until the full amount of Principal has been paid  I will pay interest at the yearly rate of
**5.732%**  The interest rate I will pay  may change as described in this Section 2  Interest will be charged on the basis of a twelve
month year and a thirty day month

   The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 7(B) of
this Note

   **(B)   Interest Change Dates**
   The interest rate I will pay may change on the **1st** day of **September, 2005** and on the same day every month thereafter  Each
date on which my interest rate could change is called an "Interest Change Date "  The new rate of interest will become effective on
each Interest Change Date

   **(C)   Interest Rate Limit**
   My lifetime maximum interest rate limit is **11.950%**, called "Lifetime Rate Cap "

SD253A (2004-03-1)                     ADJUSTABLE NOTE                     CA
                                       Page 1

LENDER'S USE ONLY

0   0   1

0040516882

**(D)   Index**

Beginning with the first Interest Change Date, my interest rate will be based on an "Index"  The Index is the average of the last twelve calendar months' most recently published monthly yields on 3-month certificates of deposit (secondary market) as published by the Federal Reserve Board  Lender will calculate the average by adding the twelve most recently published yields together and dividing the result by twelve  Lender will round the result of this division to the nearest one-thousandth of one percentage point (0 001%) by using the following convention  if the value of the 10,000th place is five or greater, the value of the 1,000th place will round up, if the value of the 10,000th place is less than five, the 1,000th place will not change  The most recent Index figure available on each Interest Change Date is called the "Current Index"  For purposes of determining the Index, "published" means first made available to the public by the Federal Reserve Board

**(E)   Calculation of Interest Rate Changes**

Lender will calculate my new interest rate by adding **3.400** percentage points, called the "Margin," to the Current Index  Subject to the limit stated in Section 2(C) above, the result of this calculation will be my new interest rate until the next Interest Change Date

If Lender fails to utilize the entire interest rate increase to which it is entitled under this Note on any Interest Change Date by failing to add all or part of the allowable Margin to the Current Index, then Lender may add any such allowable Margin to the Current Index on any future Interest Change Date  Lender may not, at a later date, "carryover" or add interest to which it is not entitled under this Note on any Interest Change Date

**(F)   Alternative Index**

The Lender may choose an alternative index to be the Index if the Index is no longer available  For purposes of this Section 2(F), the Index is not "available" if  (a) the Index is for any reason no longer published, or (b) the Lender, in its sole discretion, determines that the Index is calculated in a substantially different manner or based on substantially different information than at the time the Index became applicable to this Note, or (c) applicable laws or regulations prevent the Lender from using the Index to calculate interest under this Note  The selection of the alternative index shall be at Lender's sole discretion  The alternative index may be a national or regional index or another type of index approved by the Lender's primary regulator  The Lender will give me notice of the alternative index

**3.   PAYMENTS**

**(A)   Time and Place of Payments**

I will pay Principal and interest by making payments every month

I will make my monthly payments on the **1st** day of each month beginning on **September 1, 2005.** I will make these payments every month until I have paid (i) all the Principal and interest, and (ii) any other charges described below that I may owe under this Note, and (iii) any charges that may be due under the Security Instrument  If, on **August 1, 2035,** I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date "

I will make my monthly payments at **1901 HARRISON STREET, OAKLAND, CALIFORNIA 94612** or at a different place if required by notice from the Lender

**(B)   Amount of My Initial Monthly Payments**

Each of my initial monthly payments will be in the amount of U S  **$ 1,789.74**  This amount will change as described in Sections 3(C) and 3(D) below  My initial monthly payment amount was selected by me from a range of initial payment amounts approved by Lender and may not be sufficient to pay the entire amount of interest accruing on the unpaid Principal balance

**(C)   Payment Change Dates**

My monthly payment will change as required by Section 3(D) below beginning on the **1st** day of **September, 2006** and on that day every **12th** month thereafter  Each of these dates is called a "Payment Change Date "  My monthly payment will also change at any time Section 3(F) or 3(G) below requires me to pay a different amount

I will pay the amount of my new monthly payment each month beginning on each Payment Change Date and as provided in Section 3(F) or 3(G) below

**(D)   Calculation of Payment Changes**

Subject to Sections 3(F) and 3(G), on the Payment Change Date my monthly payment may be changed to an amount sufficient to pay the unpaid principal balance, including any deferred interest as described in Section 3(E) below, by the Maturity Date  However, the amount by which my payment can be increased will not be more than 7-1/2% of the then existing Principal and interest payment  This 7-1/2% limitation is called the "Payment Cap "  The Lender will perform this Payment Change calculation at least 60 but not more than 90 days before the Payment Change Date

SD253B (2004-03-1)      [802 (2004-03-1])            ADJUSTABLE NOTE
CODI                                                        Page 2

Exh. 1 to Wright Decl. ISO Notice of Removal
page 6

0040516882

**(E)   Deferred Interest, Additions to My Unpaid Principal**

From time to time, my monthly payments may be insufficient to pay the total amount of monthly interest that is due. If this occurs, the amount of interest that is not paid each month, called "Deferred Interest," will be added to my Principal and will accrue interest at the same rate as the Principal.

**(F)   Limit on My Unpaid Principal; Increased Monthly Payment**

My unpaid principal balance can never exceed **125%** of the Principal I originally borrowed, called "Principal Balance Cap." If, as a result of the addition of deferred interest to my unpaid principal balance, the Principal Balance Cap limitation would be exceeded on the date that my monthly payment is due, I will instead pay a new monthly payment. Notwithstanding Sections 3(C) and 3(D) above, I will pay a new monthly payment which is equal to an amount that will be sufficient to repay my then unpaid principal balance in full on the Maturity Date at the interest rate then in effect, in substantially equal payments.

**(G)   Payment Cap Limitation; Exceptions**

Beginning with the **10th** Payment Change Date and every 5th Payment Change Date thereafter, my monthly payment will be calculated as described in Section 3(D) above except that the Payment Cap limitation will not apply. Additionally, the Payment Cap limitation will not apply on the final Payment Change Date.

**(H)   Notice of Payment Changes**

The Lender will deliver or mail to me a notice of any changes in the amount of my monthly payment, called "Payment Change Notice," before each Payment Change Date. The Payment Change Notice will include information required by law.

**4   FAILURE TO MAKE ADJUSTMENTS**

If for any reason Lender fails to make an adjustment to the interest rate or payment amount as described in this Note, regardless of any notice requirement, I agree that Lender may, upon discovery of such failure, then make the adjustments as if they had been made on time. I also agree not to hold Lender responsible for any damages to me which may result from Lender's failure to make the adjustment and to let the Lender, at its option, apply any excess monies which I may have paid to partial prepayment of unpaid Principal.

**5   BORROWER'S RIGHT TO PREPAY**

**I have the right to make payments of Principal at any time before they are due.  A payment of Principal before it is due is called a "Prepayment". When I make a Prepayment, I will tell the Lender in writing that I am doing so.  The Lender may require that any partial Prepayments be made on the date my regularly scheduled payments are due. If I make a partial Prepayment, there will be no changes in the due dates or amount of my regularly scheduled payments unless the Lender agrees to those changes in writing. I may pay deferred Interest on this Note at any time without charge and such payment will not be considered a "Prepayment" of Principal. During the first 3 years of the loan term if I make one or more Prepayments that, in the aggregate, exceed $5,000 in any calendar month, I must pay a prepayment charge equal to 2% of the amount such Prepayments exceed $5,000 in that calendar month. After the first 3 years of the loan term, I may make a full or partial Prepayment without paying any prepayment charge.**

**6.   MAXIMUM LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit, and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Lender may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**7   BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A)   Late Charges for Overdue Payments**

If the Lender has not received the full amount of any monthly payment by the end of **15** calendar days after the date it is due, I will pay a late charge to the Lender. The amount of the charge will be **5.00%** of my overdue payment of Principal and interest. I will pay this late charge promptly but only once on each late payment.

Exh. 1 to Wright Decl. ISO Notice of Removal
page 7

0040516882

#### (B)   Default

I will be in default if (i) I do not pay the full amount of each monthly payment on the date it is due, or (ii) I fail to perform any of my promises or agreements under this Note or the Security Instrument, or (iii) any statement made in my application for this loan was materially false or misleading or if any statement in my application for this loan was materially false or misleading by reason of my omission of certain facts, or (iv) I have made any other statement to Lender in connection with this loan that is materially false or misleading

#### (C)   Notice of Default

If I am in default, the Lender may send me a written notice, called "Notice of Default", telling me that if I do not pay the overdue amount by a certain date, the Lender may require me to pay immediately the amount of Principal which has not been paid and all the interest that I owe on that amount, plus any other amounts due under the Security Instrument

#### (D)   No Waiver by Lender

Even if, at a time when I am in default, the Lender does not require me to pay immediately in full as described above, the Lender will still have the right to do so if I am in default at a later time

#### (E)   Payment of Lender's Costs and Expenses

The Lender will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law  Those expenses may include, for example, reasonable attorneys' fees and court costs

**8.   GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me or any Borrower at **3718 BRUNSWICK CT, SOUTH SAN FRANCISCO, CA 94080–520**, or at a single alternative address if I give the Lender notice of my alternative address  I may give notice to Lender of a change in my address in writing or by calling Lender's customer service telephone number provided on my billing statement  I may designate only one mailing address at a time for notification purposes

Except as permitted above for changes of address, any notice that must be given to the Lender under this Note will be given by mailing it by first class mail to the Lender at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address

**9    OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed  Any person who takes over these obligations is also obligated to keep all of the promises made in this Note  The Lender may enforce its rights under this Note against each person individually or against all of us together  This means that any one of us may be required to pay all of the amounts owed under this Note

**10    WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor  "Presentment" means the right to require the Lender to demand payment of amounts due  "Notice of Dishonor" means the right to require the Lender to give notice to other persons that amounts due have not been paid

**11    SECURED NOTE - ACCELERATION**

In addition to the protections given to the Lender under this Note, the Security Instrument dated the same date as this Note gives the Lender security against which it may proceed if I do not keep the promises which I made in this Note  That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note and includes the following Paragraph **26:**

#### AGREEMENTS ABOUT LENDER'S RIGHTS IF THE PROPERTY IS SOLD OR TRANSFERRED

<u>Acceleration of Payment of Sums Secured.</u> Lender may, at its option, require immediate payment in full of all Sums Secured by this Security Instrument if all or any part of the Property, or if any right in the Property, is sold or transferred without Lender's prior written permission  Lender also may, at its option, require immediate payment in full if Borrower is not a natural Person and a beneficial interest in Borrower is sold or transferred without Lender's prior written permission  However, Lender shall not require immediate payment in full if this is prohibited by Federal Law in effect on the date of the Security Instrument

If Lender exercises the option to require immediate payment in full, Lender will give me notice of acceleration  If I fail to pay all Sums Secured by this Security Instrument immediately, Lender may then or thereafter invoke any remedies permitted by this Security Instrument without further notice to or demand on me

SD253D (2004-03-1)                    ADJUSTABLE NOTE
                                     Page 4

Exh. 1 to Wright Decl. ISO Notice of Removal
page 8

0040516882

**Exception to Acceleration of Payment of Sums Secured** If the sale or transfer of all or any part of the Property, or of a beneficial interest in Borrower, if Borrower is not a natural Person, is the first one to occur after the date of this Security Instrument, Lender will not exercise the option to accelerate payment in full of all Sums Secured and the loan may be assumed if

    (i)   Lender receives a completed written application from transferee to evaluate the creditworthiness of transferee as if a new loan were being made to the transferee by Lender,

    (ii)   Lender approves the creditworthiness of the transferee in writing,

    (iii)   transferee makes a cash downpayment sufficient to meet Lender's then current underwriting standards,

    (iv)   an assumption fee, in an amount to be determined by Lender (but not to exceed 1% of the balance of Principal and interest due under the Secured Notes at the time of sale or transfer of the Property or of the interest in the Borrower) is paid to Lender, and

    (v)   the transferee executes an assumption agreement which is satisfactory to Lender

The loan may be assumed under its then existing terms and conditions with one exception, the Lifetime Rate Cap may be changed  The Lifetime Rate Cap shall be changed to an interest rate which is the sum of the interest rate in effect on the date of a sale or transfer of the Property or beneficial interest in Borrower plus 5 percentage points, if that sum exceeds the Lifetime Rate Cap stated in the Secured Notes

**12   GOVERNING LAW; SEVERABILITY**
    This Note shall be governed by and construed under federal law and federal rules and regulations including those for federally chartered savings institutions, called "Federal Law." In the event that any of the terms or provisions of this Note are interpreted or construed by a court of competent jurisdiction to be void, invalid or unenforceable, such decision shall affect only those provisions so construed or interpreted and shall not affect the remaining provisions of this Note

**13   CLERICAL ERRORS**
    In the event the Lender at any time discovers that this Note or the Security Instrument or any other document related to this loan, called collectively the "Loan Documents," contains an error which was caused by a clerical mistake, calculation error, computer error, printing error or similar error, I agree, upon notice from the Lender, to reexecute any Loan Documents that are necessary to correct any such error(s) and I also agree that I will not hold the Lender responsible for any damage to me which may result from any such error

**14.   LOST, STOLEN OR MUTILATED DOCUMENTS**
    If any of the Loan Documents are lost, stolen, mutilated or destroyed and the Lender delivers to me an indemnification in my favor, signed by the Lender, then I will sign and deliver to the Lender a Loan Document identical in form and content which will have the effect of the original for all purposes

**THIS SPACE INTENTIONALLY LEFT BLANK; SIGNATURE PAGE FOLLOWS.**

Exh. 1 to Wright Decl. ISO Notice of Removal
page 9

**SIGNATURE PAGE**

0040516882

NOTICE TO BORROWER(S):

BY SIGNING THIS NOTE YOU AGREE TO PAY A PREPAYMENT CHARGE IN CERTAIN CIRCUMSTANCES. PLEASE CAREFULLY READ THIS ENTIRE NOTE (INCLUDING THE PREPAYMENT PROVISION) BEFORE YOU SIGN IT.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

(PLEASE SIGN YOUR NAME EXACTLY AS IT APPEARS BELOW)

BORROWER(S):

_____ (Seal)
CESARIO OCAMPO

_____ (Seal)
AURA OCAMPO

Exh. 1 to Wright Decl. ISO Notice of Removal
page 10

**EXHIBIT 2**

First American Title Co.
Escrow # HOC6-198600/2699507C

**RECORDING REQUESTED BY:**
**WORLD SAVINGS BANK**

**WHEN RECORDED MAIL TO:**
**WORLD SAVINGS BANK**
**FINAL DOCUMENTATION**
**CLOSING DEPARTMENT**
**P.O. BOX 659548**
**SAN ANTONIO, TX 78265-9548**

**LOAN NUMBER: 0040516882**

**NOTE AMOUNT: $487,500.00**

A.P.N. 091·420·310·4

**2005-126067**
**FIRST AMERICAN TITLE COMPANY**
08:00am 07/27/05 DT  Fee: 58.00
Count of pages 18
Recorded in Official Records
County of San Mateo
Warren Slocum
Assessor-County Clerk-Recorder

\* 2 0 0 5 0 1 2 6 0 6 7 A R \*

**FOR RECORDER'S USE ONLY**

## DEED OF TRUST

**THIS IS A FIRST DEED OF TRUST WHICH SECURES A NOTE WHICH CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE, FREQUENCY AND AMOUNT OF PAYMENTS AND PRINCIPAL BALANCE (INCLUDING FUTURE ADVANCES AND DEFERRED INTEREST). AT LENDER'S OPTION THE SECURED NOTE MAY BE RENEWED OR RENEGOTIATED. THE SECURED NOTE PROVIDES FOR MONTHLY PAYMENTS OF PRINCIPAL AND INTEREST.**

**THE MAXIMUM AGGREGATE PRINCIPAL BALANCE SECURED BY THIS DEED OF TRUST IS $609,375.00 WHICH IS 125% OF THE ORIGINAL PRINCIPAL NOTE AMOUNT.**

I.    **DEFINITIONS OF WORDS USED IN THIS DEED OF TRUST**
      **(A)  Security Instrument.** This Deed of Trust, which is dated **July 18, 2005,** will be called the "Security Instrument "

      **(B)  Borrower. CESARIO OCAMPO AND AURA OCAMPO, HUSBAND AND WIFE** sometimes will be called "Borrower" and sometimes simply "I" or "me "

**Received By**

**AUG 1 1 2005**

**Deanna Acree**

      **(C)  Lender. WORLD SAVINGS BANK, FSB, ITS SUCCESSORS AND/OR ASSIGNEES,** will be called "Lender " Lender is **a FEDERAL SAVINGS BANK,** which is organized and exists under the laws of the United States  Lender's address is  **1901 Harrison Street, Oakland, CA 94612**

| | |
|---|---|
| SD001A (2004-03-2)<br>DEFERRED INTEREST | DEED OF TRUST-ADJUSTABLE<br>Page 1 |

**CA**

**003**

**LENDER'S USE ONLY**

Exh. 2 to Wright Decl. ISO Notice of Removal
page 11

0040516882

**(D) Note.** The note signed by Borrower and having the same date as this Security Instrument, including all extensions, renewals, substitutions and modifications thereof, will be called the "Note." The Note shows that I owe Lender the original principal amount of U S  **$487,500.00**, plus accrued and deferred interest and such other amounts as stated in the Note. I have promised to pay this debt in regularly scheduled periodic payments as provided in the Note and to pay the debt in full by **August 1, 2035** ("Maturity Date")

**(E) Property.** The property that is described below in Section III entitled "Description of the Property" will be called the "Property "

**(F) Sums Secured.** The amounts described below in Section II entitled "Borrower's Transfer of Rights in the Property" sometimes will be called the "Sums Secured."

**(G) Person.** Any person, organization, governmental authority or other party will be called "Person "

**(H) Trustor, Beneficiary, Trustee.** Borrower is the "Trustor," Lender is the "Beneficiary" and **Golden West Savings Association Service Co., A California Corporation** is the "Trustee "

## II.  BORROWER'S TRANSFER OF RIGHTS IN THE PROPERTY

I irrevocably grant and convey the Property to the Trustee, in trust for Lender, with a power of sale subject to the terms of this Security Instrument This means that, by signing this Security Instrument, I am giving Lender and Trustee those rights that are stated in this Security Instrument and also those rights that the law gives to lenders who are beneficiaries of a deed of trust and to trustees of a deed of trust  I am giving Lender and Trustee these rights to protect Lender from possible losses that might result if I fail to.

(i)      pay all amounts owed to Lender under the Note and all other notes secured by this Security Instrument, called the "Secured Notes," including future advances made by Lender and any changes to the Secured Notes made with the written consent of Lender;

(ii)     pay, with interest, any amounts that Lender spends under Paragraphs 2 and 7 below to protect the value of the Property and Lender's rights in the Property; and

(iii)    keep all of my other promises and agreements under this Security Instrument, the Secured Notes and any changes to the Secured Notes made with the written consent of Lender

## III.  DESCRIPTION OF THE PROPERTY

I give Trustee rights in the Property described below

(i)      The Property which is located at **3718 BRUNSWICK CT, SOUTH SAN FRANCISCO, CA 94080-5205** The legal description of the Property is attached as Exhibit "A" which is made a part of this Security Instrument. This Property is called the "Described Property "

(ii)     All buildings and other improvements that are located on the Described Property,

Exh. 2 to Wright Decl. ISO Notice of Removal
page 12

0040516882

     (iii)   All rights in other property that I have as owner of the Described Property  These rights are known as easements, rights and appurtenances attached to the Property;

     (iv)   All rents or royalties and other income from the Described Property;

     (v)   All mineral, oil and gas rights and profits, water rights and stock that are part of the Described Property,

     (vi)   All rights that I have in the land which lies in the streets or roads in front of, behind or next to, the Described Property;

     (vii)   All fixtures that are now or in the future will be on the Described Property or on the property described in subsection (ii) of this Section,

     (viii)   All of the rights and property described in subsections (ii) through (vii) of this Section that I acquire in the future,

     (ix)   All replacements of or additions to the property described in subsections (ii) through (viii) of this Section, and

     (x)   All of the amounts that I pay to Lender under Paragraph 2 below.

**IV.**    **BORROWER'S RIGHT TO GRANT A SECURITY INTEREST IN THE PROPERTY AND BORROWER'S OBLIGATION TO DEFEND OWNERSHIP OF THE PROPERTY**

    I promise that· (i) I lawfully own the Property, (ii) I have the right to grant and convey the Property to Trustee, and (iii) there are no outstanding claims, charges, liens or encumbrances against the Property, except for those which are of public record

    I give a general warranty of title to Lender. This means that I will be fully responsible for any losses which Lender suffers because someone other than myself and the Trustee has some of the rights in the Property which I promise that I have  I promise that I will defend my ownership of the Property against any claims of such rights

**COVENANTS**

I promise and I agree with Lender as follows

**1.**    **BORROWER'S PROMISE TO PAY**

    I will pay to Lender, on time, all principal and interest due under the Secured Notes and any prepayment and late charges due under the Secured Notes

**2.**    **PAYMENTS FOR TAXES AND INSURANCE**

    **(A)**    **Borrower's Obligations**

    I will pay all amounts necessary to pay taxes and hazard insurance premiums on the Property as well as assessments, leasehold payments, ground rents or mortgage insurance premiums (if any)

Exh. 2 to Wright Decl. ISO Notice of Removal
page 13

0040516882

**(B)    Escrow Accounts**

Subject to applicable law, no escrow shall be required except upon written demand by Lender, in which case, I shall pay to Lender on the day payments are due under the Note, until the Note is paid in full, a sum ("Funds") for (a) yearly taxes, penalties and assessments which may attain priority over this Security Instrument as a lien on the Property, (b) yearly leasehold payments or ground rents on the Property, if any, (c) yearly hazard or property insurance premiums; (d) yearly flood insurance premiums, if any, and (e) yearly mortgage insurance premiums, if any. These items are called "Escrow Items " Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for an escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S C. § 2601 et seq ("RESPA"), unless another law that applies to the Funds sets a lesser amount If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items in accordance with applicable law

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is such an institution) or in any Federal Home Loan Bank Lender shall apply the Funds to pay the Escrow Items Lender may not charge me for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays me interest on the Funds and/or applicable law permits Lender to make such a charge. However, Lender may require me to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay me any interest or earnings on the Funds Lender shall give to me, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to me for the excess Funds in accordance with the requirements of applicable law If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify me in writing, and, in such case I shall pay to Lender the amount necessary to make up the deficiency or shortage. I shall make up the deficiency or shortage in accordance with the requirements of the Lender, at its sole discretion, in the manner and times prescribed by RESPA

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to me any Funds held by Lender If, under Paragraph 28, Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

Exh. 2 to Wright Decl. ISO Notice of Removal
page 14

0040516882

### 3.   APPLICATION OF BORROWER'S PAYMENTS
Unless applicable law requires otherwise, Lender will apply each of my payments under the Secured Notes and under Paragraphs 1 and 2 above in the following order and for the following purposes·

First, to pay prepayment charges due under the Secured Notes;

Second, to pay any advances due to Lender under this Security Instrument;

Third, to pay the amounts due to Lender under Paragraph 2 above;

Fourth, to pay interest due under the Secured Notes;

Fifth, to pay deferred interest due under the Secured Notes,

Sixth, to pay principal due under the Secured Notes;

Last, to pay late charges due under the Secured Notes

### 4.   BORROWER'S OBLIGATION TO PAY CHARGES, ASSESSMENTS AND CLAIMS
I will pay all taxes, assessments and any other charges and fines that may be imposed on the Property and that may be superior to this Security Instrument.

I will also make payments due under my lease if I am a tenant on the Property and I will pay ground rents (if any) due on the Property  I will pay these amounts either by making the payments to Lender that are described in Paragraph 2 above or by making the payments on time to the Person owed them.

Any claim, demand or charge that is made against property because an obligation has not been fulfilled is known as a lien. I will promptly pay or satisfy all liens against the Property that may be superior to this Security Instrument. However, this Security Instrument does not require me to satisfy a superior lien if (A) I agree, in writing, to pay the obligation which gave rise to the superior lien and Lender approves in writing the way in which I agree to pay that obligation, or (B) in good faith, I argue or defend against the superior lien in a lawsuit so that, during the lawsuit, the superior lien may not be enforced and no part of the Property must be given up, or (C) I secure from the holder of that other lien an agreement, approved in writing by Lender, that the lien of this Security Instrument is superior to the lien held by that Person  If Lender determines that any part of the Property is subject to a superior lien, Lender may give to me a notice identifying the superior lien. I will pay or satisfy the superior lien or take one or more of the actions set forth above within 10 days of the giving of notice.

### 5.   BORROWER'S OBLIGATION TO MAINTAIN INSURANCE
At my sole cost and expense, I will obtain and maintain hazard insurance to cover all buildings and other improvements that now are or in the future will be located on the Property. The insurance must cover loss or damage caused by fire, hazards normally covered by "extended coverage" hazard insurance policies and other hazards for which Lender requires coverage  The insurance must be in the amounts and for the periods of time required by Lender  I may choose the insurance company but my choice is subject to Lender's approval  Lender may not refuse to approve my choice unless the refusal is reasonable  All of these insurance policies and renewals of the policies must include what is known as a **Standard Mortgagee Clause** to protect Lender  The form of all policies and renewals must be acceptable to Lender. Lender will have the right to hold the policies and renewals  If Lender requires, I will promptly give Lender all receipts of paid premiums and renewal notices that I receive

Exh. 2 to Wright Decl. ISO Notice of Removal
page 15

0040516882

If I obtain earthquake insurance, any other hazard insurance, credit life and/or disability insurance, or any other insurance on or relating to the Property or the Secured Notes and which are not specifically required by Lender, I will name Lender as loss payee of any proceeds

If there is a loss or damage to the Property, I will promptly notify the proper insurance company and Lender  If I do not promptly prove to the insurance company that the loss or damage occurred, then Lender may do so

The amount paid by the insurance company is called "Proceeds " Any Proceeds received will be applied first to reimburse Lender for costs and expenses incurred in connection with obtaining the Proceeds, and then, at Lender's option and in the order and proportion as Lender may determine in its sole and absolute discretion, regardless of any impairment or lack of impairment of security, as follows. (A) to the extent allowed by applicable law, to the Sums Secured in a manner that Lender determines and/or (B) to the payment of costs and expenses of necessary repairs or to the restoration of the Property to a condition satisfactory to Lender, such application to be made in the manner and at the times as determined by Lender

If I abandon the Property or if I do not answer, within 30 days, a notice from Lender or the insurance company stating that the insurance company has offered to settle a claim, Lender may collect the Proceeds I will notify Lender immediately of any offer to settle a claim I receive from the insurance company  I will immediately deliver any Proceeds I receive from any insurer or other persons to Lender. Lender may use the Proceeds to repair or restore the Property or to pay the Sums Secured. The 30-day period will begin when the notice is given

If any Proceeds are used to reduce the amount of the outstanding balance of the Sums Secured, that use will not delay the due date or change the amount of any of my regularly scheduled payments under the Secured Notes and under Paragraphs 1 and 2 above  However, Lender and I may agree in writing to delays or changes

If Lender acquires the Property under Paragraph 28 below, all of my rights in the insurance policies will belong to Lender  Also, all of my rights in any Proceeds which are paid because of damage that occurred before the Property is acquired by Lender or sold will belong to Lender  However, Lender's rights in those Proceeds will not be greater than the total amount of the Sums Secured immediately before the Property is acquired by Lender or sold.

If I am required by Lender to pay premiums for mortgage insurance, I will pay the premiums until the requirement for mortgage insurance ends according to my written agreement with Lender or according to law

**6.    BORROWER'S OBLIGATION TO MAINTAIN THE PROPERTY AND TO FULFILL ANY LEASE OBLIGATIONS**

I will keep the Property in good repair including, but not limited to, keeping the Property free from debris, mold, termites, dry rot and other damaging pests and infestations  I will not destroy or substantially change the Property and I will not allow the Property to deteriorate. I will keep and maintain the Property in compliance with any state or federal health and safety laws, and hazardous materials and hazardous waste laws  I will not use, generate, manufacture or store any hazardous materials or hazardous waste on, under or about the Property  I will indemnify, defend and hold harmless Lender and its employees, officers and directors and their successors from any claims, damages or costs for required or necessary repair or the removal of mold, termites, dry rot, other damaging pests and infestations and hazardous waste or any other hazardous materials claim  If I do not own but am a tenant on the Property, I will fulfill my obligations under my lease  I also agree that, if I acquire the fee title to the Property, my lease interest and the fee title will not merge unless Lender agrees to the merger in writing

SD001F (2004-03-2)                    DEED OF TRUST-ADJUSTABLE                    CA
                                                  Page 6

Exh. 2 to Wright Decl. ISO Notice of Removal
page 16

**0040516882**

### 7.   LENDER'S RIGHT TO PROTECT ITS RIGHTS IN THE PROPERTY

If (A) I do not keep my promises and agreements made in this Security Instrument, or (B) someone, including me, begins a legal proceeding that may significantly affect Lender's rights in the Property (including but not limited to any manner of legal proceeding in bankruptcy, in probate, for condemnation or to enforce laws or regulations), then Lender may do and pay for whatever it deems reasonable or appropriate to protect the Lender's rights in the Property Lender's actions may include, without limitation, appearing in court, paying reasonable attorneys' fees, purchasing insurance required under Paragraph 5, above (such insurance may cost more and provide less coverage than the insurance I might purchase), and entering on the Property to make repairs Lender must give me notice before Lender may take any of these actions Although Lender may take action under this Paragraph 7, Lender does not have to do so Any action taken by Lender under this Paragraph 7, will not release me from my obligations under this Security Instrument

I will pay to Lender any amounts which Lender advances under this Paragraph 7 with interest, at the interest rate in effect under the Secured Notes. I will pay those amounts to Lender when Lender sends me a notice requesting that I do so Interest on each amount will begin to accrue on the date that the amount is advanced by Lender However, Lender and I may agree in writing to terms that are different from those in this Paragraph 7. This Security Instrument will protect Lender in case I do not keep this promise to pay those amounts with interest.

### 8.   LENDER'S RIGHT TO INSPECT THE PROPERTY

Lender, and others authorized by Lender, may enter upon and inspect the Property. They must do so in a reasonable manner and at reasonable times. Before or at the time an inspection is made, Lender must give me notice stating a reasonable purpose for the inspection

### 9.   AGREEMENTS ABOUT GOVERNMENTAL TAKING OF THE PROPERTY

I assign to Lender all my rights (A) to proceeds of all awards or claims for damages resulting from condemnation, eminent domain or other governmental taking of all or any part of the Property; and (B) to proceeds from a sale of all or any part of the Property that is made to avoid condemnation, eminent domain or other governmental taking of the Property All of those proceeds will be paid to Lender If I receive any such proceeds, I will immediately deliver them to Lender

If all of the Property is taken, the proceeds will be used to reduce the Sums Secured If any of the proceeds remain after the Sums Secured have been paid in full, the remaining proceeds will be paid to me Unless Lender and I agree otherwise in writing, if only a part of the Property is taken, Sums Secured will be reduced only by the amount of proceeds multiplied by the following fraction: (A) the total amount of the Sums Secured immediately before the taking, divided by (B) the fair market value of the Property immediately before the taking. The remainder of the proceeds will be paid to me

If I abandon the Property or if I do not answer, within 30 days, a notice from Lender stating that a governmental authority has offered to make a payment or to settle a claim for damages, Lender has the authority to collect the proceeds and settle the claim. Lender may then use the proceeds to reduce the Sums Secured. The 30-day period will begin when the notice is given

If any proceeds are used to reduce the amount of the outstanding principal of the Secured Notes, that use will not delay the due date or change the amount of any of my regularly scheduled payments under the Secured Notes and under Paragraphs 1 and 2 above However, Lender and I may agree in writing to delays or changes

SD001G (2004-03-2)                    DEED OF TRUST-ADJUSTABLE                    CA
                                             Page 7

Exh. 2 to Wright Decl. ISO Notice of Removal
page 17

0040516882

10. **CONTINUATION OF BORROWER'S OBLIGATIONS AND OF LENDER'S RIGHTS**

    **(A)**   **Borrower's Obligations**

        Lender may allow a Person who takes over my rights and obligations subject to this Security Instrument to delay or to change the amount of the payments of principal and interest due under the Secured Notes or under this Security Instrument  Even if Lender does this, however, that Person and I will both still be fully obligated under the Secured Notes and under this Security Instrument

        Lender may allow those delays or changes for a Person who takes over my rights and obligations, even if Lender is requested not to do so  Lender will not be required to bring a lawsuit against such a Person for not fulfilling obligations under the Secured Notes or under this Security Instrument, even if Lender is requested to do so

    **(B)**   **Lender's Rights**

        Even if Lender does not exercise or enforce any of its rights under this Security Instrument or under the law, Lender will still have all of those rights and may exercise and enforce them in the future  Even if Lender obtains insurance, pays taxes, or pays other claims, charges or liens against the Property, Lender will have the right under Paragraph 28 below to demand that I make immediate payment in full of the Sums Secured

11. **OBLIGATIONS OF BORROWER, CO-SIGNORS AND OF PERSONS TAKING OVER BORROWER'S RIGHTS OR OBLIGATIONS**

        Except as provided below, if more than one Person signs this Security Instrument as Borrower, each of us is fully obligated to keep all of Borrower's promises and obligations contained in this Security Instrument  Lender may enforce Lender's rights under this Security Instrument against each of us individually or against all of us together  This means that any one of us may be required to pay all of the Sums Secured

        Any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signor") (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signor's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument, and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signor's consent

        Any Person who takes over my rights or obligations under this Security Instrument will have all of my rights and will be obligated to keep all of my promises and agreements made in this Security Instrument. Similarly, any Person who takes over Lender's rights or obligations under this Security Instrument will have all of Lender's rights and will be obligated to keep all of Lender's agreements made in this Security Instrument

12. **MAXIMUM LOAN CHARGES**

        If the loan secured by this Security Instrument is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed permitted limits, then: (A) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limits and (B) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower  Lender may choose to make this refund by reducing the outstanding principal balance of the Secured Notes or by making a direct payment to Borrower  If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Secured Notes

**CA**

0040516882

### 13.    LEGISLATION AFFECTING LENDER'S RIGHTS

If a change in applicable law would make any provision of the Secured Notes or this Security Instrument unenforceable, Lender may require that I make immediate payment in full of all Sums Secured by this Security Instrument

### 14.    NOTICES REQUIRED UNDER THIS SECURITY INSTRUMENT

Any notice that must be given to me under this Security Instrument will be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method  The notice will be addressed to me at **3718 BRUNSWICK CT, SOUTH SAN FRANCISCO, CA 94080–520**  A notice will be given to me at an alternative address if I give Lender notice of my alternative address  I may give notice to Lender of my alternative address in writing or by calling Lender's customer service telephone number provided on my billing statement.  I may designate only one mailing address at a time for notification purposes  Except as permitted above for changes of address, any notice that must be given to Lender under this Security Instrument will be given by mailing it by first class mail to Lender's address stated in Section I (C) above entitled, "Definitions of Words Used In This Deed of Trust," unless Lender gives me notice of a different address  Any notice required by this Security Instrument is given when it is mailed or when it is delivered according to the requirements of this Paragraph 14 or of applicable law

### 15.    GOVERNING LAW; SEVERABILITY

**This Security Instrument and the Secured Notes shall be governed by and construed under federal law and federal rules and regulations, including those for federally chartered savings institutions ("Federal Law") and, to the extent Federal Law does not apply, by the law of the jurisdiction in which the Property is located.**  In the event that any of the terms or provisions of this Security Instrument or the Secured Notes are interpreted or construed by a court of competent jurisdiction to be void, invalid or unenforceable, such decision shall affect only those provisions so construed or interpreted and shall not affect the remaining provisions of this Security Instrument or the Secured Notes.

### 16.    BORROWER'S COPY

I acknowledge the receipt of one conformed copy of the Secured Notes and of this Security Instrument

### 17.    LENDER'S RIGHTS TO RENTAL PAYMENTS AND TO TAKE POSSESSION OF THE PROPERTY

If Lender requires immediate payment in full or if I abandon the Property, then Lender, Persons authorized by Lender, or a receiver appointed by a court at Lender's request may  (A) collect the rental payments, including overdue rental payments, directly from the tenants, (B) enter upon and take possession of the Property, (C) manage the Property; and (D) sign, cancel and change rental agreements and leases  If Lender notifies the tenants that Lender has the right to collect rental payments directly from them under this Paragraph 17, I agree that the tenants may make those rental payments to Lender without having to ask (i) Lender whether I have failed to keep my promises and agreements under this Security Instrument, or (ii) me for my permission to do so

If Lender acts to have the Property sold after a Breach of Duty as defined in Paragraph 28, I understand and agree that (A) my right to occupy the Property ceases at the time the Property is sold, (B) I shall have no right to occupy the Property after such sale without the written consent of the new owner of the Property, and (C) my wrongful and unlawful possession of the Property may subject me to monetary damages, including the loss of reasonable rent and the cost of eviction  All rental payments collected by

SD0011 (2004-03-2)                    DEED OF TRUST-ADJUSTABLE                         CA
                                              Page 9

                                                              Exh. 2 to Wright Decl. ISO Notice of Removal
                                                              page 19

0040516882

Lender or by a receiver, other than the rent paid by me under this Paragraph 17, will be used first to pay the costs of collecting rental payments and of managing the Property. If any part of the rental payments remains after those costs have been paid in full, the remaining part will be used to reduce the Sums Secured The costs of managing the Property may include the receiver's fees, reasonable attorneys' fees and the costs of any necessary bonds

## 18. INJURY TO PROPERTY; ASSIGNMENT OF RIGHTS

An assignment is a transfer of rights to another I may have rights to bring legal action against persons, other than Lender, for injury or damage to the Property or in connection with the loan made to me by Lender and which arose or will arise before or after the date of this Security Instrument These rights to bring legal action may include but are not limited to an action for breach of contract, fraud, concealment of a material fact, or for intentional or negligent acts I assign these rights, and any and all proceeds arising from these rights, as permitted by applicable law, to Lender Lender may, at its option, enforce these rights in its own name and may apply any proceeds resulting from this assignment to the Sum Secured and this Security Instrument after deducting any expenses, including attorneys' fees, incurred in enforcing these rights. At the request of Lender, I will sign any further assignments or other documents that may be necessary to enforce this assignment I will notify Lender immediately if I believe I have the right to bring any such legal action against any persons, and will notify Lender immediately if I assert any claim or demand against or commence any legal action against any such person. If I receive any proceeds from any persons besides Lender in connection with any such claim, demand or legal action, I will immediately deliver such proceeds to Lender

## 19. CLERICAL ERRORS

In the event Lender at any time discovers that this Security Instrument, the Secured Notes or any other document related to this loan, called collectively the "Loan Documents," contains an error which was caused by a clerical mistake, calculation error, computer error, printing error or similar error, I agree, upon notice from Lender, to execute such documentation as Lender deems necessary to correct any such error(s) and I also agree that I will not hold Lender responsible for any damage to me which may result from any such error

## 20. LOST, STOLEN OR MUTILATED DOCUMENTS

If any of the Loan Documents are lost, stolen, mutilated or destroyed and Lender delivers to me an indemnification in my favor, signed by Lender, then I will sign and deliver to Lender a Loan Document identical in form and content which will have the effect of the original for all purposes

## 21. WAIVER OF STATUTE OF LIMITATIONS

I will waive, within applicable law, the pleading of the statute of limitations as a defense to enforce this Security Instrument, including any obligations referred to in this Security Instrument or Secured Notes

## 22. CAPTIONS

The captions and headings at the beginning of each paragraph of this Security Instrument are for reference only and will not be used in the interpretation of any provision of this Security Instrument

## 23. MODIFICATION

This Security Instrument may be modified or amended only by an agreement in writing signed by Borrower and Lender

## 24. CONDOMINIUM, COOPERATIVE AND PLANNED UNIT DEVELOPMENT OBLIGATIONS

If the Property is a unit in a condominium, cooperative or planned unit development, each of which shall be called the "Project," and I have an interest in the common elements of the Project, then Lender and I agree that

(A)    If an owners association or other entity, called "Owners Association," holds title to Property for the benefit or use of the Project and its members or shareholders, the Property also includes my interest in the Owners Association and the uses, proceeds and benefits of my interest

SD001J (2004-03-2)          DEED OF TRUST-ADJUSTABLE                      CA
                              Page 10

                                                    Exh. 2 to Wright Decl. ISO Notice of Removal
                                                    page 20

0040516882

**(B)**      The following are called the "Constituent Documents·" (i) The declaration or any other document which created the Project; (ii) By-laws of the Owners Association, (iii) Code of regulations for the Project; (iv) Articles of incorporation, trust instrument or equivalent document which creates the Owners Association, (v) The Project's covenants, conditions and restrictions; (vi) Other equivalent documents

I shall perform all of my obligations under the Constituent Documents, including my obligation to pay, when due, all dues and assessments If I do not pay the dues and assessments when due, Lender may, at its option, pay them I will pay to Lender any amounts which Lender advances under this Paragraph 24 according to the terms described in Paragraph 7 above

**(C)**      If the Owners Association maintains, with an insurance company reasonably acceptable to Lender, a **master or blanket** policy on the Project which is satisfactory to Lender and which provides insurance coverage on the terms, in the amounts, for the periods, and against the hazards Lender requires, including fire and hazards included within the term "extended coverage," and Lender is provided with evidence of such **master or blanket** policy, then· (i) Lender waives the provision in Paragraph 2(B) above for the payment to Lender of the estimated yearly premium installments for hazard insurance on the Property, and (ii) hazard insurance coverage on the Property as required by Paragraph 5 above is deemed to be satisfied to the extent that the required coverage is provided by the Owners Association policy I shall give Lender prompt notice of any lapse in the required hazard insurance coverage I shall provide a copy of such **master or blanket** policy to Lender annually

In the event of a distribution of any hazard insurance proceeds, including without limitation any earthquake or special hazards insurance whether or not such coverage was required by Lender, in lieu of restoration or repair following a loss to the Property, whether to the unit or to common elements, any proceeds payable to me are hereby assigned and shall be paid to Lender for application to the Sums Secured by this Security Instrument, with any excess paid to me. If I receive any such proceeds, I will immediately deliver them to Lender or otherwise apply them as set forth above

I shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable to Lender in form, amount and extent of coverage

**(D)**      I shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Property or consent to: (i) the abandonment or termination of the Project, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of condemnation, eminent domain or other governmental taking; (ii) any amendment to any provision of Constituent Documents unless the provision is for the express benefit of Lender or of lenders generally, (iii) termination of professional management and assumption of self-management of the Owners Association, or (iv) any action which would have the effect of rendering the **master or blanket** hazard insurance policy and/or the public liability insurance coverage maintained by the Owners Association unacceptable to Lender

**25.    FUTURE ADVANCES**

At Borrower's request, Lender, at its option (but before release of this Security Instrument or the full reconveyance of the Property described in the Security Instrument) may lend future advances, with interest, to Borrower  Such future advances, with interest, will then be additional Sums Secured under this Security Instrument

                                                 Page 11

                                                                          Exh. 2 to Wright Decl. ISO Notice of Removal
                                                                          page 21

0040516882

**26.    AGREEMENTS ABOUT LENDER'S RIGHTS IF THE PROPERTY IS SOLD OR TRANSFERRED**

**Acceleration of Payment of Sums Secured.** Lender may, at its option, require immediate payment in full of all Sums Secured by this Security Instrument if all or any part of the Property, or if any right in the Property, is sold or transferred without Lender's prior written permission  Lender also may, at its option, require immediate payment in full if Borrower is not a natural Person and a beneficial interest in Borrower is sold or transferred without Lender's prior written permission  However, Lender shall not require immediate payment in full if this is prohibited by Federal Law in effect on the date of the Security Instrument

If Lender exercises the option to require immediate payment in full, Lender will give me notice of acceleration. If I fail to pay all Sums Secured by this Security Instrument immediately, Lender may then or thereafter invoke any remedies permitted by this Security Instrument without further notice to or demand on me

**Exception to Acceleration of Payment of Sums Secured.** If the sale or transfer of all or any part of the Property, or of a beneficial interest in Borrower, if Borrower is not a natural Person, is the first one to occur after the date of this Security Instrument, Lender will not exercise the option to accelerate payment in full of all Sums Secured and the loan may be assumed if

(i)    Lender receives a completed written application from transferee to evaluate the creditworthiness of transferee as if a new loan were being made to the transferee by Lender,

(ii)    Lender approves the creditworthiness of the transferee in writing,

(iii)    transferee makes a cash downpayment sufficient to meet Lender's then current underwriting standards,

(iv)    an assumption fee, in an amount to be determined by Lender (but not to exceed 1% of the then outstanding balance of Principal and interest under the Secured Notes at the time of sale or transfer of the Property or of the interest in the Borrower) is paid to Lender; and

(v)    the transferee executes an assumption agreement which is satisfactory to Lender. Such assumption agreement may provide, if required by Lender, that the transferee open a deposit account with Lender or with a bank or other depository institution approved by Lender, to facilitate direct payments if direct payments are required in the Note

The loan may be assumed under its then existing terms and conditions with one exception; the Lifetime Rate Cap may be changed  The Lifetime Rate Cap shall be changed to an interest rate which is the sum of the interest rate in effect on the date of a sale or transfer of the Property or beneficial interest in Borrower plus 5 percentage points, if that sum exceeds the Lifetime Rate Cap stated in the Secured Notes

**27.    SUBSTITUTION OF TRUSTEE**
I agree that Lender may at any time appoint a successor trustee and that Person shall become the Trustee under this Security Instrument as if originally named as Trustee.

Exh. 2 to Wright Decl. ISO Notice of Removal
page 22

0040516882

### 28.   RIGHTS OF THE LENDER IF THERE IS A BREACH OF DUTY

It will be called a "Breach of Duty" if (i) I do not pay the full amount of each regularly scheduled payment on the date it is due, or (ii) I fail to perform any of my promises or agreements under the Note or this Security Instrument, or (iii) any statement made in my application for this loan was materially false or misleading or if any statement in my application for this loan was materially false or misleading by reason of my omission of certain facts, or (iv) I have made any other statement to Lender in connection with this loan that is materially false or misleading  If there is a Breach of Duty by me, Lender may demand an immediate payment of all sums secured.

If there is a Breach of Duty by me, Lender may exercise the power of sale, take action to have the Property sold under applicable law, and invoke such other remedies as may be permitted under any applicable law

Lender does not have to give me notice of a Breach of Duty. If Lender does not make a demand for full payment of the Sums Secured upon a Breach of Duty, Lender may make a demand for full payment of the Sums Secured upon any other Breach of Duty

If there is a Breach of Duty, Lender may also take action to have a receiver appointed to collect rents from any tenants on the Property and to manage the Property  The action to appoint a receiver may be taken without prior notice to me and regardless of the value of the Property.

The sale of the Property may be postponed by or at the direction of Lender. If the Property is sold, I agree that it may be sold in one parcel  I also agree that Lender may add to the amount that I owe to Lender all legal fees, costs, allowances, and disbursements incurred as a result of the action to sell the Property

Lender will apply the proceeds from the sale of the Property in the following order  (A) to all fees, expenses and costs incurred in connection with the sale, including but not limited to trustees' and attorneys' fees, if any, (B) to all Sums Secured by this Security Instrument, and (C) any excess to the Person or Persons legally entitled to it

### 29.   RECONVEYANCE

Upon payment of all Sums Secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all Secured Notes to Trustee. Trustee shall reconvey the Property without warranty to Borrower  Lender may charge Borrower a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (including the Trustee) for services rendered and the charging of the fee is permitted, whether expressly or by lack of express prohibition, under applicable law  If the fee charged does not exceed any maximum fee set by applicable law, the fee is conclusively presumed to be reasonable

### 30.   STATEMENT OF OBLIGATION

Lender may collect a fee of $60 00, or such greater maximum amount as may from time to time be allowed by law, for furnishing any statement of obligation with respect to this Security Instrument or the Secured Notes

CA

Exh. 2 to Wright Decl. ISO Notice of Removal
page 23

0040516882

**31.    ( X )   QUICK QUALIFYING LOAN PROGRAM**

I have qualified for this loan by making statements of fact which were relied upon by Lender to approve the loan rapidly. This loan is called a "Quick Qualifying Loan." I have stated and I confirm that  (A) I do not have any other Quick Qualifying Loans with Lender, (B) I have agreed to not further encumber the Property and do not intend to further encumber the Property for at least six months after the date of the Secured Notes and this Security Instrument, and (C) If I am purchasing the Property, all of the terms of the purchase agreement submitted to Lender are true and the entire down payment is cash from my own funds

If any of the statements of fact that I have made are materially false or misleading, I will be in default under the Secured Notes and this Security Instrument  If I am in such default, Lender may, at its option, increase the interest rate and margin subject to the Lifetime Rate Cap stated in the Secured Notes

**32.    ( X )   OWNER OCCUPANCY**

Lender has relied upon statements of fact which I have made to qualify for this loan. I have stated and confirm that  (A) the Property is my personal and primary residence, (B) I will occupy the Property not later than 30 days after this Security Instrument is recorded, and (C) I will use the Property as my residence for at least 12 months from the date this Security Instrument is recorded.

If any of the statements of fact that I have made are materially false or misleading, I will be in default under the Secured Notes and this Security Instrument. If I am in such default, Lender may, at its option, increase the interest rate and margin, subject to the Lifetime Rate Cap stated in the Secured Notes

**( X )   VALUE INDICATES THAT THE PARAGRAPH APPLIES.**

**THIS SPACE INTENTIONALLY LEFT BLANK; SIGNATURE PAGE FOLLOWS.**

                                                        Page 14

                                                                        Exh. 2 to Wright Decl. ISO Notice of Removal
                                                                        page 24

0040516882

**BY SIGNING BELOW**, I accept and agree to the promises and agreements contained in this Security Instrument and in any rider(s) signed by me and recorded in proper official records

### (PLEASE SIGN YOUR NAME EXACTLY AS IT APPEARS BELOW)

**BORROWER(S):**

_____   (Seal)

**CESARIO OCAMPO**

_____   (Seal)

**AURA OCAMPO**

### ATTACH INDIVIDUAL NOTARY ACKNOWLEDGEMENT

SD001 (2004-03-1)      [AF1 (2004-03-1)]           Page 15                    **CA**
                       [AL1 (2004-03-1)]

Exh. 2 to Wright Decl. ISO Notice of Removal
page 25

WOLCOTTS FORMS, INC.       WWW.WOLCOTTSFORMS.COM       SINCE 1893

page 26

Exh. 2 to Wright Decl, ISO Notice of Removal

# NOTARY ACKNOWLEDGEMENT

**Attention Notary** · The information requested below is OPTIONAL. Recording of this document is not required by law and is also optional. It could, however, prevent fraudulent attachment of this certificate to any unauthorized document.

**This certificate must be attached to the document described below.**

Title or Type of document _____

Number of pages _____ Date of document _____

Signer(s) other than named below _____

## Individual

STATE OF _California_  } SS.

COUNTY OF _San mateo_

On this _21_ day of _July_ in the year _2007_

Before me _Claudia Katrina Cordoba_, a Notary Public, duly commissioned and qualified in above said County and State, personally appeared _Cesario Ocampo and Hura Ocampo_

◻ personally known to me or

☒ proved to me on this basis of satisfactory evidence consisting of an identifying document or

◻ the oath of _____

to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the same.

WITNESS my hand and official seal

AUTOGRAPH

(Seal)

Wolcotts Forms, our resellers and agents make no representations or warranty, express or implied, as to the fitness of this form for any specific use or purpose  If you have any question, it is always best to consult a qualified attorney before using this or any legal document

©2004 WOLCOTTS FORMS, INC.

7 - 67775 63237 - 0

CLASS 01    #63237    REV 3-04

## Corporate or Partnership

STATE OF _____ ⎫
                                                          ⎬ SS.
COUNTY OF _____ ⎭

On this _____ day of _____ in the year _____.

Before me _____ a Notary Public, duly commissioned and qualified in

above said County and State, personally appeared _____,

☐ personally known to me or

☐ proved to me on this basis of satisfactory evidence consisting of an identifying document or

☐ the oath of _____

to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they

executed the same in his/her/their authorized capacity(ies), as _____,

and that by his/her/their signature(s) on the instrument on behalf of _____,

a _____, organized under the laws of

_____, executed the same.

WITNESS my hand and official seal.

_____
                AUTOGRAPH

                                                                                      (Seal)

**WORLD SAVINGS BANK, FSB**

# E X H I B I T "A"
## LEGAL DESCRIPTION

### LOAN NO. 0040516882

ALL THAT CERTAIN REAL PROPERTY SITUATED IN THE COUNTY OF **SAN MATEO** STATE OF **CALIFORNIA**, DESCRIBED AS FOLLOWS:

TAPE <u>ONLY</u> THE LEGAL DESCRIPTION TO THIS PAGE.

Exh. 2 to Wright Decl. ISO Notice of Removal
page 28

Exh. 2 to Wright Decl. ISO Notice of Removal
Page 29



Order No.: 2699507c
Reference No.: OCAMPO
Escrow Officer: Harris, Kathy
Escrow Number: 1986010

## DESCRIPTION

All that certain land situated in the State of California, County of **SAN MATEO**, City of **SOUTH SAN FRANCISCO**, described as follows:

**LOT 191, BLOCK 15, AS SHOWN ON THAT CERTAIN MAP ENTITLED, "WESTBOROUGH-WEST PARK UNIT NO. 3A-F, SOUTH SAN FRANCISCO, SAN MATEO COUNTY, CALIFORNIA", FILED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF SAN MATEO, STATE OF CALIFORNIA ON JULY 20, 1970 IN BOOK 71 OF MAPS AT PAGE(S) 6 THROUGH 8 INCLUSIVE.**

**EXCEPTING THEREFROM, ALL GAS, OIL AND OTHER HYDROCARBON SUBSTANCES AND ALL OTHER MINERALS IN AND FROM SAID PROPERTY, PROVIDED, HOWEVER, NO RIGHT IS RESERVED TO THE GRANTOR, ITS SUCCESSORS OR ASSIGNS TO ENTER ON OR FROM THE SURFACE OF SAID PROPERTY, THE RIGHT TO ENTER THE SUBSURFACE OF SAID PROPERTY, WHICH IS ALSO RESERVED, SHALL BY ANY POINT BELOW A DEPTH OF 500 FEET FROM THE SURFACE THEREOF (MEASURED VERTICALLY FROM THE SURFACE THEREOF).**

APN No: **091-420-310-4**

**EXHIBIT 3**



**Office of Thrift Supervision**
Department of the Treasury

*Nicholas J. Dyer*
*Assistant Regional Director*

Pacific Plaza, 2001 Junipero Serra Boulevard, Suite 650, Daly City, CA  94014-1976
P.O. Box 7165, San Francisco, CA 94120-7165 • Telephone: (650) 746-7025 • Fax: (650) 746-7001

November 19, 2007

John A. Stoker, Esq.
Vice President and Assistant General Counsel
Wachovia Corporation
Legal Division – NC0630
One Wachovia Center
301 South Charlotte Street
Charlotte, NC 28288

Re:  World Savings Bank, FSB, Oakland, California
Notice of Amendment of Charter and Bylaws

Dear Mr. Stoker:

This is in response to your letter, dated November 8, 2007, with enclosures, which you filed with the Office of Thrift Supervision (OTS) on behalf of World Savings Bank, FSB to amend the savings bank's charter and bylaws to change its name to Wachovia Mortgage, FSB and reflect a change in the location of its home office. The new home office address is 6825 Aliante Parkway, North Las Vegas, Nevada.

The institution met the requirements of 12 C.F.R. §§ 552.4(b) and 552.5(b)(2), and the proposed amendments will be effective December 31, 2007, as set forth in the Board of Directors' resolution adopting the changes to the charter and bylaws. The filing also met the requirement of 12 C.F.R. § 545.91(b) that the savings bank notify the OTS if there is a change in the permanent address of its home office.

Please feel free to contact me at (650) 746-7025 if there are any questions.

Sincerely,

*Nicholas J. Dyer*

Nicholas J. Dyer
Assistant Regional Director

cc:  Robert Burns, FDIC - Atlanta

Exh. 3 to Wright Decl. ISO Notice of Removal
page 30

**EXHIBIT 4**



Comptroller of the Currency
Administrator of National Banks

Large Bank Licensing

November 1, 2009

Mr. James E. Hanson
Vice President
Wells Fargo Bank, National Association
90 South Seventh Street
Minneapolis, MN 55479

Re:    Application to convert Wachovia Mortgage, FSB, North Las Vegas, Nevada to a national
        bank and application to merge the converted bank with and into Wells Fargo Bank,
        National Association, Sioux Falls, South Dakota
        Application Control Numbers:  2009-ML-01-0007 and 2009-ML-02-0010

Dear Mr. Hanson:

This letter is the official certification of the Comptroller of the Currency (OCC) of the
conversion of Wachovia Mortgage FSB, North Las Vegas, Nevada to a national bank with the
name Wells Fargo Bank Southwest, National Association, effective November 1, 2009.  This is
also the official certification to merge Wells Fargo Bank Southwest, National Association with
and into Wells Fargo Bank, National Association, Sioux Falls, South Dakota, effective
November 1, 2009.

If you have questions regarding this letter, please contact me at (202) 874-5294 or by email at:
Stephen.Lybarger@occ.treas.gov .  Please reference the application control number or numbers
in any correspondence.

Sincerely,

*Stephen A. Lybarger*

Stephen A. Lybarger
Large Bank Licensing Lead Expert

**EXHIBIT 5**

05/02/2011 13:23 FAX 19496▮ ▮85    FNDS—WESTERN STATES    ▮002

**Recording Requested By**
**When Recorded Mail To**

**Cal-Western Reconveyance Corp.**
**P.O. Box 22004**
**525 East Main Street**
**El Cajon  CA  92022-9004**

*1325501-02*  *NODXR*

Trustee Sale No. 1325501-02
APN: 091-420-310-4

**2011-049882**

2:46 pm 05/02/11 ND Fee: 21.00
Count of Pages 3
Recorded in Official Records
County of San Mateo
Mark Church
Assessor-County Clerk-Recorder

* R 0 0 0 1 1 7 9 3 9 2 *

Space Above This Line for

Loan No. XXXXXX6882  Ref: OCAMPO, CESARIO
Property Address: 3718 BRUNSWICK CT, SOUTH SAN FRANCISCO  CA  94080-5205

## NOTICE OF DEFAULT

### IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION, and you may have legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property.** No sale date may be set until approximately 90 days from the date this notice of default may be recorded (which date of recordation appears on this notice).  This amount is $76,175.03 as of May 02, 2011, and will increase until your account becomes current.  While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**WELLS FARGO BANK, N.A., ALSO KNOWN AS WACHOVIA MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A., AND FORMERLY KNOWN AS WACHOVIA MORTGAGE, FSB, FORMERLY KNOWN AS WORLD SAVINGS BANK, FSB.**

**C/O CAL-WESTERN RECONVEYANCE CORPORATION**
**525 EAST MAIN STREET**
**P.O. BOX 22004**
**EL CAJON         9004  CA  92022-9004**
**(619)590-9200**

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.

NODCA

Page 1 of 2

Exh. 5 to Wright Decl. ISO Notice of Removal
page 32

Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure. Remember, **YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

**NOTICE IS HEREBY GIVEN:**

**CAL-WESTERN RECONVEYANCE CORPORATION is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a deed of trust dated July 18, 2005 executed by**

**CESARIO OCAMPO AND AURA OCAMPO, HUSBAND AND WIFE as trustor, to secure certain obligations in favor of WORLD SAVINGS BANK, FSB, ITS SUCCESSORS AND/OR ASSIGNEES as beneficiary, recorded as document 2005-126067 on July 27, 2005 in book XX page XX official records in the office of County Recorder of SAN MATEO County, California, describing land therein as:**

**COMPLETELY DESCRIBED IN SAID DEED OF TRUST,**

said obligations including a promissory note for the principal sum of $487,500.00.
That a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:

Failure to pay the monthly payment due May 1, 2009 of principal, interest and impounds and subsequent installments due thereafter; plus late charges; together with all subsequent sums advanced by beneficiary pursuant to the terms and conditions of said deed of trust.

That by reason thereof the present beneficiary under such Deed of Trust has deposited with said trustee such Deed of Trust and all documents evidencing obligations secured thereby and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

See attached SB1137 Declaration.

T.S. 1325501-02
Dated:      May 02, 2011               **CAL-WESTERN RECONVEYANCE CORPORATION**

Signature By _*Kevin Frost*_
             *KEVIN FROST*

By LSI Title Company, As Agent

Exh. 5 to Wright Decl. ISO Notice of Removal
page 33

Wachovia Mortgage
P.O. Box 659558
San Antonio, TX 78265-9558

Loan Number: 0040516882                                    **WACHOVIA**
Aura Ocampo

Declaration of Wells Fargo Bank, N.A.

**Lluvia Sanchez**

As required by California Civil Code Section 2923.5, I,
an officer of Wells Fargo Bank, N.A., declare as follows:

Regarding Aura Ocampo (hereinafter referred to as "borrower"),
Wells Fargo Bank, N.A., has met the requirement of California
Civil Code Section 2923.5 as indicated below.

( ) Wells Fargo Bank, N.A., has contacted the borrower regarding
    loan number 0040516882, as set forth in California Civil Code
    Section 2923.5(a)(2).

(x) Wells Fargo Bank, N.A., has tried with due diligence, as
    prescribed by California Civil Code Section 2923.5(g), to
    contact the borrower.

( ) The borrower is surrendering/has surrendered the property to
    Wells Fargo Bank, N.A.

The undersigned authorizes the trustee, foreclosure agent and/or their
authorized agent to sign, on behalf of the beneficiary/authorized agent,
the Notice of Default containing the declaration required pursuant to
Civil Code 2923.5.

I certify (or declare) under penalty of perjury under the laws of the
State of California that the foregoing is true and correct.

Date  2-3-10                           By:
                                       Title: Assistant Vice President

FP007 010 SIL

Exh. 5 to Wright Decl. ISO Notice of Removal
page 34

**EXHIBIT 6**

RECORDING REQUESTED BY:

AND WHEN RECORDED MAIL TO:

CAL-WESTERN RECONVEYANCE CORPORATION
525 EAST MAIN STREET
P.O. BOX 22004
EL CAJON  CA  92022-9004

THIS IS TO CERTIFY THAT THIS IS A FULL,
TRUE AND CORRECT COPY OF THE ORIGINAL
RECORDED IN THE OFFICE OF THE COUNTY

RECORDING FEE:   **$18.00**

RECORDED ON:   **June 8, 2011**

AS DOCUMENT NO:   **11-64362**

BY:   **s/ Cherie Valencia**

LSI TITLE COMPANY (CA)

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## SUBSTITUTION OF TRUSTEE

T.S. NO.:1325501-02

WHEREAS, CESARIO OCAMPO AND AURA OCAMPO, HUSBAND AND WIFE
was the original Trustor,
GOLDEN WEST SAVINGS ASSOCIATION SERVICE CO A CALIFORNIA CORP was the original Trustee,
and WORLD SAVINGS BANK, FSB, ITS SUCCESSORS AND/OR ASSIGNEES  was the original Beneficiary under
that certain Deed of Trust dated July 18, 2005 and recorded on July 27, 2005 as Instrument No. 2005-126067, in book
XX, page XX of Official Records of SAN MATEO County, California, and

WHEREAS, the undersigned is present Beneficiary under said Deed of Trust, and WHEREAS, the undersigned desires to
substitute a new Trustee under said Deed of Trust in the place and stead of present Trustee thereunder, in the manner in
said Deed of Trust provided.

NOW, THEREFORE, the undersigned hereby substitutes, CAL-WESTERN RECONVEYANCE CORPORATION a
California Corporation whose address is 525 EAST MAIN STREET, P.O. BOX 22004, EL CAJON  CA  92022-9004 as
Trustee under said Deed of Trust. Whenever the context hereof so requires, the masculine gender includes the feminine
and/or neuter, and the singular number includes the plural.

Dated: 05-25-2011

WELLS FARGO BANK, N.A., ALSO KNOWN AS WACHOVIA
MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A.,
AND FORMERLY KNOWN AS WACHOVIA MORTGAGE,
FSB, FORMERLY KNOWN AS WORLD SAVINGS BANK, FSB.
BY CAL-WESTERN RECONVEYANCE CORPORATION AS
ATTORNEY IN FACT

Susan Smothers. A.V.P.

State of  California
County of  San Diego
On  **MAY  2 6 2011**   before me, _____ Rosalyn Hall _____, a Notary Public,
personally appeared _____ Susan Smothers, A.V.P. _____, who proved to me on the basis of
satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to
me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on
the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify
under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
(Seal)

WITNESS my hand and official seal

Signature _____

ROSALYN HALL
COMM. #1793727
Notary Public - California
San Diego County
My Comm. Expires Mar. 16, 2012

SUBCA.DOC

Page 1 of 1



**CAL-WESTERN RECONVEYANCE CORPORATION**

T.S NO.   1325601 -02

## AFFIDAVIT OF MAILING SUBSTITUTION OF TRUSTEE
### PURSUANT TO CALIFORNIA CIVIL CODE §2934a

STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

THE UNDERSIGNED DECLARES UNDER PENALTY OF PERJURY:

A COPY OF THE SUBSTITUTION OF TRUSTEE HAS BEEN MAILED, PRIOR TO OR CONCURRENTLY WITH THE RECORDING THEREOF, IN THE MANNER PROVIDED IN SECTION 2934a OF THE CIVIL CODE OF CALIFORNIA, TO ALL PERSONS TO WHOM A COPY OF THE NOTICE OF DEFAULT WOULD BE REQUIRED TO BE MAILED BY THE PROVISIONS OF SUCH SECTION.

Dated:   June 02, 2011

**Jeanne Pittman**

State of California
County of San Diego

On   JUN 0 3 2011   before me,   Rosalyn Hall   , a Notary Public, personally appeared Jeanne Pittman, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.                    (Seal)

Signature _____

ROSALYN HALL
COMM. #1793727
Notary Public · California
San Diego County
My Comm. Expires Mar. 16, 2012

Cal-Western Reconveyance Corporation
525 East Main Street, El Cajon, California 92020 ·P.O. Box 22004, El Cajon, California 92022-9004
TEL: (619) 590-9200 ·FAX: (619) 590-9299 · Website: www.cwrt.com

1

## CERTIFICATE OF SERVICE

2        I, the undersigned, declare that I am over the age of 18 and am not a party to this action.
I am employed in the City of Pasadena, California; my business address is ANGLIN FLEWELLING

3    RASMUSSEN CAMPBELL & TRYTTEN, LLP located at 199 South Los Robles Avenue, Suite 600,
Pasadena, California  91101-2459.

4

5        On the date below, I served a true and correct copy of the foregoing document entitled
**DECLARATION OF WANDA WRIGHT IN SUPPORT OF NOTICE OF REMOVAL BY**

6    **DEFENDANT WELLS FARGO PURSUANT TO 28 U.S.C. § 1332 [DIVERSITY**
**JURISDICTION]** on all interested parties as follows:

7

8    *Served Electronically via Court's*        *Served by Other Means:*
*CM/ECF System:*                                 *Plaintiff Pro Se:*

9                                               Cesario Ocampo
                                               Aura Ocampo

10                                              3718 Brunswick Court
                                               South San Francisco, CA 94080

11

12   ☒    **BY MAIL:**  By placing the document(s) in a sealed envelope and placing the envelope
for collection and mailing following our ordinary business practices.  I am readily

13        familiar with the firm's practice of collecting and processing correspondence for mailing.
On the same day that correspondence is placed for collection and mailing, it is deposited

14        in the ordinary course of business with the United States Postal Service in Pasadena,
California, in sealed envelopes with postage fully thereon.

15

16   ☒    **FEDERAL:**  I declare under penalty of perjury under the laws of the United States of
America that the foregoing is true and correct.  I declare that I am employed in the office

     of a member of the Bar of this Court at whose direction the service was made.  This
17        declaration is executed in Pasadena, California, on **September 19, 2011.**

18        _____Diane Kinder_____            _~Diane Kinder~_
             (Type or Print Name)                (Signature of Declarant)

19

20

21

22

23

24

25

26

27

28