Robert A. Bailey (#214688)
  rbailey@afrct.com
Dean A. Reeves (#150558)
  dreeves@afrct.com
ANGLIN FLEWELLING RASMUSSEN
  CAMPBELL & TRYTTEN, LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Tel: (626) 535-1900; Fax: (626) 577-7764

Attorneys for Defendant
WELLS FARGO BANK, N.A., successor by
merger with Wells Fargo Bank Southwest,
N.A., formerly known as Wachovia Mortgage,
FSB, formerly known as World Savings Bank,
FSB ("Wells Fargo") (erroneously sued
separately as Wells Fargo Bank, N.A. and
World Savings Bank, FSB)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| CESARIO OCAMPO & AURA OCAMPO,<br><br>          Plaintiffs,<br><br>     vs.<br><br>U.S. BANCORP a Parent Company of U.S. Bank National Association trustee for Mortgage Loan Asset-Backed Certificate, Series 2005-WMC1; WELLS FARGO BANK, N.A.; WORLD SAVINGS BANK, FSB; ALL PERSONS CLAIMING BY, THROUGH, OR UNDER SUCH PERSON, OR PERSONS, ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN REAL PROPERTY DESCRIBED IN THIS COMPLAINT AS "3718 BRUNSWICK COURT SOUTH SAN FRANCISCO, CA 94080," ADVERSE TO THE PLAINTIFFS' TITLE THERETO, OR ANY CLOUD ON PLAINTIFFS' TITLE THERETO and DOES 1 THROUGH·100, INCLUSIVE,<br><br>          Defendants. | CASE NO.:  CV 11-4646 CRB<br><br>[Assigned to the Honorable Charles R. Breyer, District Judge]<br><br>**NOTICE OF MOTION AND MOTION BY WELLS FARGO TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Filed concurrently herewith Motion to Strike; Request for Judicial Notice; Orders]<br><br>Date:      Friday November 4, 2011<br>Time:      10:00 a.m.<br>Crtrm:    6, 17th Floor, San Francisco |

1

**TO PLAINTIFFS:**

   **PLEASE TAKE NOTICE** that on November 4, 2011 at 10:00 a.m. in the United States District Court, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, California 94102, the Honorable District Court Judge Charles R. Breyer presiding, defendant WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., formerly known as Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB ("Wells Fargo") (erroneously sued separately as Wells Fargo Bank, N.A. and World Savings Bank, FSB) will move to dismiss the Complaint.

   The following are the grounds for this motion to dismiss under Federal Rules of Civil Procedure 12(b)(6).

**First Claim for Relief: Conspiracy to Commit Fraud and Conversion**

   Plaintiffs fail to state a claim because:

   (i)     The elements of fraud are not pled with specificity.

   (ii)    The claim is preempted by the Home Owner's Loan Act ("HOLA"), 12 U.S.C.
           § 1461, *et seq*.

**Second Claim for Relief: Void Sale from Ultra Vires Act**

   Plaintiffs fail to state a claim because:

   (i)     Void Sale From Ultra Vires Act is not a recognized claim for relief.

   (ii)    Plaintiffs have not alleged a tender of their indebtedness.

   (iii)   The claim is preempted by HOLA.

**Third Claim for Relief: Improper Conversion and Alteration of the Note and Mortgage Deed**

   Plaintiffs fail to state a claim because:

   (i)     Plaintiffs have not alleged the elements of conversion.

   (ii)    Plaintiffs have not alleged a tender of their indebtedness.

   (iii)   The claim is preempted by HOLA.

/ / /

/ / /

2

**Fourth Claim for Relief: Fraudulent Misrepresentation as to Standing to Foreclose**

Plaintiffs fail to state a claim because:

(i)     The claim is an improper judicial challenge to Wells Fargo's standing to foreclose.

(ii)    The elements of fraud are not pled with specificity.

(iii)   The elements of fraudulent concealment are not pled with specificity.

(iv)    Wells Fargo owed plaintiffs no duty to disclose post-closing securitization.

(v)     The claim is time-barred.

(vi)    The claim is preempted by HOLA.

**Fifth Claim for Relief: Quiet Title**

Plaintiffs fail to state a claim because:

(i)     The complaint is not verified.

(ii)    Plaintiffs have not alleged a tender of their indebtedness.

(iii)   The claim is preempted by HOLA.

(iv)    Plaintiffs have not established the invalidity of Wells Fargo's Deed of Trust.

This motion will be based on this notice, the Memorandum of Points and Authorities, the accompanying Request for Judicial Notice and exhibits thereto, the documents on file in this action, the argument of counsel, and on such other information as the Court may deem appropriate.

Respectfully Submitted,

Date:  September 26, 2011

ANGLIN  FLEWELLING  RASMUSSEN CAMPBELL & TRYTTEN, LLP

By:     _____/s/  Dean A. Reeves_____
        Dean A. Reeves
        dreeves@afrct.com
Attorneys for Defendant WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., formerly known as Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB ("Wells Fargo") (erroneously sued separately as Wells Fargo Bank, N.A. and World Savings Bank, FSB)

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................. 1

1. INTRODUCTION. ......................................................................................................... 1

2. SUMMARY OF JUDICIALLY NOTICEABLE FACTS AND PLAINTIFF'S
ALLEGATIONS. ............................................................................................................ 1

    A. The Loan. ........................................................................................................... 1

    B. Plaintiffs' Allegations against Wells Fargo. .................................................... 2

3. THE FIRST CLAIM FOR RELIEF (CONSPIRACY TO COMMIT FRAUD AND
CONVERSION) FAILS TO STATE A CLAIM AND IS PREEMPTED BY
HOLA. ............................................................................................................................ 2

    B. Any Conspiracy Claim Arising from Origination of the Loan Is Time-
Barred. ................................................................................................................ 4

    C. As Beneficiary of the Deed of Trust, Wells Fargo Has the Right to Pursue
the Remedy of Foreclosure Against the Property. ........................................... 5

    D. The Conspiracy Claim Is Preempted By The Home Owner's Loan Act. ........... 6

4. THE SECOND CLAIM FOR RELIEF (VOID SALE FROM ULTRA VIRES
ACT) FAILS TO STATE A CLAIM AND IS PREEMPTED BY HOLA. .................. 8

    A. Plaintiffs Have Not Alleged A Tender Of The Amounts They Received
Under The Loan Agreement. ............................................................................. 9

5. THE THIRD CLAIM FOR RELIEF (IMPROPER CONVERSION AND
ALTERATION OF THE NOTE AND MORTAGE DEED) FAILS TO STATE A
CLAIM AND IS PREEMPTED BY HOLA. .............................................................. 10

    A. Plaintiffs Have Failed to Plead The Elements Of Conversion. ........................ 10

6. THE FOURTH CLAIM FOR RELIEF (FRAUDULENT MISPRESENTATION
AS TO STANDING TO FORECLOSE) FAILS TO STATE A CLAIM AND IS
PREEMPTED BY HOLA. ............................................................................................ 12

    A. The Fraud Claim Is An Improper Attempt To Use The Courts To
Challenge Wells Fargo's Standing To Foreclose. ........................................... 12

    B. Plaintiffs Have Not Stated A Claim For Fraud. ............................................... 13

        i. Plaintiffs Have Not Alleged A "Misrepresentation." ........................... 14

        ii. Plaintiffs Have Not Pled Facts Establishing Justifiable Reliance
And Damages. ...................................................................................... 14

    C. Plaintiffs Have Not Stated A Claim For Fraudulent Concealment. .................... 16

i

| | | | |
|---|---|---|---|
| | D. | Any Fraud Claim Is Time-Barred. | 17 |
| | E. | Plaintiffs Are Not Entitled To A Release Of Lien Or Quiet Title In Connection With The Fraud Claim Because They Has Not Alleged Tender Of Her Indebtedness. | 18 |
| | F. | The Fraud Claim Is Preempted By HOLA. | 18 |
| 7. | | PLAINTIFF'S FIFTH CLAIM FOR RELIEF (QUIET TITLE) FAILS TO STATE A CLAIM AND IS PREEMPTED BY HOLA. | 18 |
| | A. | Wells Fargo is the owner of plaintiff's Loan and the beneficiary to the Deed of Trust. | 19 |
| | B. | Plaintiffs' Non-Consent To Securitization. | 19 |
| 8. | | CONCLUSION. | 20 |

W:\LITIG\95451\001067\00229097.DOC

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Ayala v. World Sav. Bank,*
    616 F. Supp. 2d 1007 (C.D. Cal. 2009) ................................................. 8

*Central Transp. Co. v. Pullman's Palace Car Co.,*
    139 U.S. 24, 11 S. Ct. 478, 35 L. Ed. 55 (1890) (Comp., ) ...................... 9

*DeLeon v. Wells Fargo Bank, N.A.,*
    729F. Supp. 2d 1119 (N.D. Cal. 2010) ................................................. 6

*Hague v. Wells Fargo Bank, N.A.,*
    2011 U.S. Dist. LEXIS 65197 (N.D. Cal. June 20, 2011) ....................... 7

*Hava v. U.S. Bancorp,*
    2009 U.S. Dist. LEXIS 119857 (N.D. Cal. Dec. 22, 2009) ..................... 8

*Hutson v. Am. Home Mortg. Servicing,*
    2009 U.S. Dist. LEXIS 96764 (N.D. Cal. Oct. 16, 2009) ....................... 4

*Jacob Winding v. Cal-Western Reconveyance Corporation,*
    2011 U.S. Dist. LEXIS 8962 (E.D. Cal. Jan. 24, 2011) .............. 8, 10, 19, 20

*Marty v. Wells Fargo Bank,*
    2011 U.S. Dist. LEXIS 29686 (E.D. Cal. Mar. 21, 2011) ..................... 11

*Moore v. Kayport Package Express, Inc.,*
    885 F.2d 531 (9th Cir. 1989) .............................................................. 3

*Periguerra v. Meridas Capital, Inc.,*
    2010 U.S. Dist. LEXIS 8082 (N.D. Cal. Jan. 29, 2010) .................... 9, 12

*Rivera v. Wachovia Bank,*
    2009 U.S. Dist. LEXIS 68391 (S.D. Cal. 2009) ................................... 8

*Sacramento Suburban Fruit Lands Co. v. Linquist,*
    39 F.2d 900 (9th Cir. 1929) ............................................................... 4

*Saldate v. Wilshire Credit Corp.,*
    268 F.R.D. 87 (E.D. Cal. 2010) ........................................................ 17

*Sanchez v. American Brokers Conduit,*
    2011 U.S. Dist. LEXIS 4150 (C.D. Cal. Jan. 14, 2011) .................... 11, 12

*Sanchez v. Wachovia Mortgage, FSB,*
    2011 U.S. Dist. Lexis 2444 (S.D. Cal. Jan 10, 2011) .............. 8, 10, 19, 20

i

*Sarmiento v. Bank of New York Mellon*,
   2011 U.S. Dist. LEXIS 24365 (D. Hawaii Mar. 10, 2011) ...................................................... 11

*Silicon Knights, Inc. v. Crystal Dynamics, Inc.*,
   1997 U.S. Dist. LEXIS 17890 (N. D. Cal. Oct. 23, 1998) ................................................. 3, 14

*Silvas v. E\*Trade Mortg. Corp.*,
   514 F.3d 1001 (9th Cir. 2008) ............................................................................................. 7

*Spurlock v. Carrington Mortg. Servs.*,
   2010 U.S. Dist. LEXIS 80221 (S.D. Cal. Aug. 4, 2010) ..................................................... 5

*Ultreras v. Recon Trust Co.*,
   2010 U.S. Dist. LEXIS 55626 (C.D. Cal. June 7, 2010) ...................................................... 9

*Waqavesi v. Indymac Fed. Bank, FSB*,
   2009 U.S. Dist. LEXIS 105555 (E.D. Cal. 2009) .............................................................. 14

*Winding v. NDEx West, LLC*,
   2011 U.S. Dist. LEXIS 34404 (E.D. Cal. Mar. 18, 2011) ..................................................... 6

STATE CASES

*Aitken v. Stewart*,
   129 Cal. App. 38 ................................................................................................................... 9

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*,
   7 Cal.4th 503 (1994) ............................................................................................................ 3

*Bezaire v. Fidelity & Deposit Co.*,
   12 Cal. App. 3d 888 (1970) ........................................................................................... 15, 16

*Burlesci v. Petersen*,
   68 Cal. App. 4th 1062 (1998) ............................................................................................. 11

*Cadlo v. Owens-Illinois, Inc.*,
   125 Cal. App. 4th 513 (2004) .......................................................................................... 3, 14

*Everest Investors 8 v. Whitehall Real Est. Partnership Xi*,
   100 Cal. App. 4th 1102 (2002) ............................................................................................. 3

*Gomes v. Countrywide Home Loans, Inc.*,
   192 Cal. App. 4th 1149 (2011) ....................................................................................... 13, 14

*Hironymous v. Hiatt*,
   52 Cal. App. 727 (1921) ....................................................................................................... 9

*Kaldenbach v. Mutual of Omaha Life Ins. Co.*,
   178 Cal. App. 4th 830 (2009) ............................................................................................. 16

ii

*Kasparian v. County of Los Angeles,*
    38 Cal. App. 4th 242 ........................................................................... 3

*Kovich v. Paseo Del Mar Homeowners' Assn.,*
    41 Cal. App. 4th 863 (1996) ............................................................... 17

*Lady Washington Consol. Co. v. Wood,*
    113 Cal. 482 (1896) ........................................................................ 4, 5

*Lopez v. World Sav. & Loan Ass'n,*
    105 Cal. App. 4th 729 (2003) ............................................................... 7

*Nguyen v. Calhoun,*
    105 Cal. App. 4th 428 (2003) ............................................................. 14

*Nymark v. Heart Fed. Sav. & Loan Assn.,*
    231 Cal. App. 3d 1089 (1991) ............................................................ 17

*Perlas v. GMAC Mortg., LLC,*
    187 Cal. App. 4th 429 (2010) ............................................................. 17

*Shimpones v. Stickney,*
    219 Cal. 637 (1934) .................................................................... 19, 20

*Star Pac. Invest., Inc. v. Oro Hills Ranch, Inc.,*
    121 Cal. App. 3d 447 (1981) ........................................................ 9, 12, 19

*Tarmann v. State Farm Mut. Auto. Ins. Co.,*
    2 Cal. App. 4th 153 (1991) ............................................................. 4, 14

*Wilhelm v. Pray, Price, Williams & Russell,*
    186 Cal. App. 3d 1324 (1986) .............................................................. 3

**FEDERAL STATUTES**

12 U.S.C. § 1461, *et seq.* ...................................................................... 7

**STATE STATUTES**

Cal. Comm. Code § 3301 ...................................................................... 14

Civ. Code § 1691 ................................................................................. 9

Civ. Proc. Code § 338(d) ................................................................... 4, 18

Civil Code § 2924 et seq. ..................................................................... 13

Civil Code § 2924, subd. (a) ................................................................ 13

Code Civ. Proc. § 761.020 .......................................................................................... 20

**RULES**

F.R.C.P Rule 9(b).......................................................................................................... 3

**REGULATIONS**

12 C.F.R. § 545.2 ......................................................................................................... 7

12 C.F.R. § 560.2 ...................................................................................................... 7, 8

12 C.F.R. § 560.2(b) ..................................................................................................... 7

12 C.F.R. § 560.2(b)(4)............................................................................................. 7, 8

12 C.F.R. § 560.2(b)(9)......................................................................................... 10, 19

12 C.F.R. § 560.2(b)(10)...................................................................................... passim

61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996) ......................................................... 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

iv

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1.     INTRODUCTION.**

This case arises from a loan that plaintiffs received from World Savings Bank, FSB in 2005, secured by plaintiffs' South San Francisco property.  Plaintiffs defaulted on their loan, eventually leading to the initiation of foreclosure proceedings.  Attempting to stall the sale of the property, plaintiffs filed this complaint alleging that the defendants improperly "securitized" their mortgage and that the defendants did not have authority to commence foreclosure proceedings.

**2.     SUMMARY OF JUDICIALLY NOTICEABLE FACTS AND PLAINTIFF'S ALLEGATIONS.**

**A.     The Loan.**

On July 18, 2005, plaintiff borrowed $487,500 from World Savings Bank, FSB.  The loan was memorialized by a promissory note ("Note") and secured by a deed of trust ("Deed of Trust") recorded against the property located at 3718 Brunswick Court, South San Francisco, California 94080 ("Property").  Copies of the Note and Deed of Trust are attached to the Request for Judicial Notice ("RJN") as Exhibits A, B.

World Savings Bank, FSB was a federal savings bank.  A copy of its Certificate of Corporate Existence issued by the Office of Thrift Supervision ("OTS") and dated April 21, 2006 is attached to the RJN as Exhibit C.  World Savings Bank, FSB was renamed Wachovia Mortgage, FSB on December 31, 2007, as shown by a letter dated November 19, 2007 from the OTS, a copy of which is attached to the RJN as Exhibit D.  Effective November 1, 2009, Wachovia Mortgage, FSB was converted to a national bank with the name Wells Fargo Bank Southwest, N.A., and merged with and into Wells Fargo Bank, N.A.  These events are confirmed in the Comptroller of the Currency's ("OCC") Official Certification, a copy of which is attached to the RJN as Exhibit E.

Plaintiffs failed to make the required payments on the loan.  A notice of default was recorded against the Property on May 2, 2011, followed by a notice of sale recorded on August 3, 2011.  Copies of the notices of default and sale are attached to the RJN as Exhibits F and G.  As evidenced by the notice of default, Wells Fargo was and is the beneficiary of the Deed of Trust.

1

**B. Plaintiffs' Allegations against Wells Fargo.**

The plaintiffs' complaint contains rambling allegations, mostly irrelevant, but which can be summarized as follows:

- Plaintiffs' loan has been improperly securitized. The securitized transaction obfuscated and concealed the actual beneficiary to the Deed of Trust (Comp. ¶¶ 26-28), and that the subsequent transfer of the Note became subject to a Pooling and Service Agreement (Comp. ¶¶ 29-32), and that the equitable title to the subject property is now held by hundreds of investors. (Comp. ¶ 38).

- Wells Fargo is no longer the "true owner" of the Note and has no right to pursue foreclosure against the subject property. (Comp. ¶¶ 44, 48).

- The lender did not sign the Deed of Trust (Comp. ¶ 7), and the Note has not been recorded. (Comp. ¶ 8).

- The defendants conspired with each other, and through fraudulent misrepresentations, induced the Plaintiffs to enter into loan agreements for which they were not qualified, and that such conduct violated the Federal Fair Housing Act. (Comp. ¶61).

**3. THE FIRST CLAIM FOR RELIEF (CONSPIRACY TO COMMIT FRAUD AND CONVERSION) FAILS TO STATE A CLAIM AND IS PREEMPTED BY HOLA.**

Plaintiffs allege that defendants[1] "formed an association to conspire to deprive Plaintiffs of the subject property through fraud and misrepresentation that would result in Plaintiffs entering into loan agreements for which Plaintiffs were ultimately not qualified, and which would eventually result in Plaintiffs' inability to make payments and stay within the subject residence." Comp. ¶ 61. They allege that Defendants knew "prior to their origination of the loans or acceptance of the loans for servicing and subsequent transfer of the loans that Plaintiffs was [sic] not qualified to make payments under the loan terms." *Id.* Plaintiffs also allege that the defendants "violated the Federal Fair Housing Act, and AB 489, AB 90(i) in procuring Plaintiffs'

---

[1] Plaintiff also has sued U.S. Bancorp in its capacity as trustee for Mortgage Loan Asset-Backed Certificate, Series 2005-WMC1. *Id.*, ¶ 51.

2

signature [sic] on the loan documents. *Id.* Additionally, plaintiffs allege that the defendants failed to disclose the possibility of "escalating payments" and "increases in the interest rate" on their loan. *Id.* at 62. Notwithstanding the title of the claim, plaintiffs do not attempt to plead any of the elements of conversion.

"The elements of an action for civil conspiracy are the formation and operation of the conspiracy and damage resulting to plaintiff from an act or acts done in furtherance of the common design." *Kasparian v. County of Los Angeles*, 38 Cal. App. 4th 242, 262-263 (*citing Applied Equip. Corp. v. Litton Saudi Arabia Ltd.,* 7 Cal.4th 503, 511 (1994) (internal quotations omitted)). "Standing alone, a conspiracy does no harm, engenders no tort liability, and does not per se give rise to a cause of action. It must be activated by the commission of an actual tort." *Everest Investors 8 v. Whitehall Real Est. Partnership Xi*, 100 Cal. App. 4th 1102, 1106 (2002). (*citing Applied Equip.,* 7 Cal.4th at 511). Thus, plaintiffs cannot state a claim for conspiracy if they cannot state a claim for fraud.

The elements of fraud or deceit are: (1) a misrepresentation; (2) knowledge of the falsity of the misrepresentation, *i.e.,* scienter; (3) justifiable reliance; and (4) resulting damages. *Cadlo v. Owens-Illinois, Inc.,* 125 Cal. App. 4th 513, 519 (2004). Plaintiffs have failed to properly allege a viable claim for fraud against Wells Fargo.

**A.     Plaintiffs Fail To Allege The Underlying Tort Of Fraud With Specificity.**

To satisfy Rule 9(b)'s heightened requirement for pleading fraud, "the complaint must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Silicon Knights, Inc. v. Crystal Dynamics, Inc.,* 1997 U.S. Dist. LEXIS 17890, *36 (N. D. Cal. Oct. 23, 1998) (internal quotations and citations omitted); *Moore v. Kayport Package Express, Inc*., 885 F.2d 531, 540 (9th Cir. 1989). The facts supporting each element of fraud "must be alleged in full, factually and specifically, and the policy of liberal construction of pleading will not usually be invoked to sustain a pleading that is defective in any material respect." *Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal. App. 3d 1324, 1331 (1986). When an entity is accused of fraud, the plaintiff must "allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke,

what they said or wrote, and when it was said or written." *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991). It is improper for a plaintiff to "lump[] all of the defendants together by repeatedly referring categorically to 'Defendants' rather than naming each defendant individually. . . ." *Hutson v. Am. Home Mortg. Servicing*, 2009 U.S. Dist. LEXIS 96764, *35-36 (N.D. Cal. Oct. 16, 2009).

Here, plaintiffs allege the misrepresentations in only the vaguest terms, and they fail to describe *who* made the statements, that person's *authority to speak,* whether the statements were *oral or written*, *when* the statements were made, or *to whom*. These allegations fall woefully short of the strict pleading requirements for fraud.

**B.  Any Conspiracy Claim Arising from Origination of the Loan Is Time-Barred.**

Plaintiffs' allegations regarding the defendants' conspiracy to commit fraud all stem from conduct that allegedly took place at the time the plaintiffs' were given their loan in 2005. Comp. ¶¶ 61-62. The claims center on their lack of qualifications for the loan, that they would not be able to make the payments, the defendants' failure to disclose information and terms about the loan, and having the plaintiffs' execute the loan documents. *Id.* According to the plaintiffs' complaint, all this alleged conduct involved arose directly from activities related to the loan origination process. The plaintiffs were given their loan on July 18, 2005. The instant action was not filed until August 5, 2011, more than 6 years later.

Fraud is subject to a three-year statute of limitations. Civ. Proc. Code § 338(d). Thus, a conspiracy claim based on the alleged fraudulent conduct by the defendants in 2005 is clearly time-barred.

Plaintiffs cannot rely on the delayed discovery rule. To do so, "[i]t must appear that [they] did not discover the facts constituting the fraud until within three years prior to commencing the action." *Lady Washington Consol. Co. v. Wood*, 113 Cal. 482, 486 (1896); *Sacramento Suburban Fruit Lands Co. v. Linquist*, 39 F.2d 900 (9th Cir. 1929) (*citing Lady Washington* and holding that demurrer should have been sustained). "This is an element of the plaintiff's right of action, and must be affirmatively pleaded by him in order to authorize the court to entertain his complaint." *Lady Washington,* 113 Cal. at 486. "It is not enough that the

4

1 plaintiff merely avers that he was ignorant of the facts at the time of their occurrence, and has

2 not been informed of them until within the three years." *Id.*

3       He must show that the acts of fraud were committed under such

4       circumstances that he would not be presumed to have any

5       knowledge of them—as that they were done in secret or were kept

6       concealed; and he must also show the times and the circumstances

7       under which the facts constituting the fraud were brought to his

8       knowledge, so that the court may determine whether the discovery

9       of these facts was within the time alleged; and, as the means of

10       knowledge are equivalent to knowledge, if it appears that the

11       plaintiff had notice or information of circumstances which would

12       put him on an inquiry which, if followed, would lead to knowledge,

13       or that the facts were presumptively within his knowledge, he will

14       be deemed to have had actual knowledge of these facts.

15 *Id*. at 486-487 (emphasis added); *Spurlock v. Carrington Mortg. Servs*., 2010 U.S. Dist. LEXIS

16 80221, 13-15 (S.D. Cal. Aug. 4, 2010) (TILA claim premised on "failure to disclose the existence

17 of securitization" was time-barred; allegation that plaintiffs did not discover insufficient

18 disclosures until foreclosure commenced was insufficient to toll statute of limitations).

19     Plaintiffs' complaint does not contain any allegations regarding their inability to discover

20 the alleged conduct by the defendants, or that they were prevented from discovering the fraud

21 some time before the statute of limitations expired in 2008.  Accordingly, the statute of

22 limitations is not tolled, and the claim is time-barred.

23     **C.**     **<u>As Beneficiary of the Deed of Trust, Wells Fargo Has the Right to Pursue the</u>**

24          **<u>Remedy of Foreclosure Against the Property</u>**.

25     The bottom line of the rambling allegations in the complaint regarding securitization of

26 the plaintiffs' mortgage is the contention that Wells Fargo, since it transferred the mortgage to an

27 investment pool, no longer owns the loan, and thus cannot proceed with foreclosure against the

28 Property.  Despite plaintiffs' argument to the contrary, Wells Fargo owns this loan.  The

5

corporate succession is clear:

- The Deed of Trust which was recorded on July 13, 2007 listed World Savings Bank, FSB as the "Lender" and "Beneficiary." (RJN Exh. B.)
- World Savings Bank, FSB was chartered under the laws of the United States to transact the business of a Federal savings bank. (RJN Exh. H.)
- On December 31, 2007, World Savings Bank, FSB changed its name to Wachovia Mortgage, FSB. (RJN Exh. D.)
- On November 1, 2009, Wachovia Mortgage FSB was converted to a national bank with the name Wells Fargo Bank Southwest, N.A. and effective November 1, 2009 Wells Fargo Bank Southwest, N.A. merged into Wells Fargo Bank, N.A. (RJN Exh. E; see also RJN Exh. I for the history of Wachovia Mortgage, FSB.)
- The Notice of Default identifies Wells Fargo Bank, N.A., Successor in Interest to Wachovia Mortgage, FSB as the entity the borrower is to contact regarding payments or the foreclosure process. (RJN Exh. F.)

Wachovia succeeded by merger to World Savings Bank, FSB. (RJN Exhs. A-F.) The Note and Deed of Trust were in favor of World Savings Bank, FSB, which changed its name to Wachovia Mortgage, FSB, which converted to Wells Fargo Bank Southwest, N.A. and merged into Wells Fargo Bank, N.A. *See, e.g., DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1121 (N.D. Cal. 2010) (court recognized the Wachovia/Wells Fargo merger); *Winding v. NDEx West, LLC*, 2011 U.S. Dist. LEXIS 34404 at *12 (E.D. Cal. Mar. 18, 2011) (noting that World Savings is Wells Fargo's predecessor).

As shown above, Wells Fargo succeeded by operation of law to ownership of the loan made by its predecessor, World Savings Bank, FSB. At the time of foreclosure, Wells Fargo, as the owner of the loan, had the same rights as the original owner to enforce its rights under the Deed of Trust. *Hague v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 65197 *7-8 (N.D. Cal. June 20, 2011).

**D.      The Conspiracy Claim Is Preempted By The Home Owner's Loan Act.**

The originating lender, World Savings Bank, FSB, was a federal savings bank regulated

6

by the OTS and organized and operated under the Home Owner's Loan Act ("HOLA"), 12 U.S.C.

§ 1461, *et seq.* The OTS "occupies the entire field of lending regulation for federal savings

associations." 12 C.F.R. § 560.2. OTS regulations issued pursuant to HOLA are "intended to

preempt all state laws purporting to regulate any aspect of the lending operations of a federally

chartered savings association, whether or not OTS has adopted a regulation governing the precise

subject of the state provision." *Lopez v. World Sav. & Loan Ass'n,* 105 Cal. App. 4th 729, 738

(2003); *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1004-05 (9th Cir. 2008) (HOLA

regulations as "so pervasive as to leave no room for state regulatory control."); 12 C.F.R. § 545.2.

       As the OTS Final Rule, 61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996) instructs, the

preemption analysis under HOLA is simple. Step one determines whether the type of state law at

issue appears on the list set forth in 12 C.F.R. § 560.2(b), which lists the types of state laws that

HOLA preempts. If that type of state law appears on the list, the analysis ends there and the law

is preempted; there is no step two. The OTS' construction of its own regulation 560.2 "must be

given controlling weight." *Silvas,* 514 F.3d at 1004-05. Any presumption against preemption of

state law does not apply to HOLA, and any doubt should be resolved in favor of preemption. *Id.*;

       HOLA preempts state laws that would impose requirements on federal savings banks

regarding the "terms of credit." 12 C.F.R. § 560.2(b)(4). HOLA also preempts state laws that

would impose requirements on federal savings banks regarding the "[p]rocessing, origination,

servicing, sale or purchase of . . . mortgages." 12 C.F.R. § 560.2(b)(10).

       Plaintiffs allege that Wells Fargo misrepresented that they could afford to repay their loan.

Comp. ¶ 61. HOLA has been found to preempt similar claims. *Rivera v. Wachovia Bank*, 2009

U.S. Dist. LEXIS 68391, *7-8 (S.D. Cal. 2009) (HOLA preempted claim alleging that lender

induced plaintiff to accept loan by making misrepresentations about plaintiff's ability to pay;

claim implicated the "processing, origination, [and] servicing" under 12 C.F.R. § 560.2(b)(10));

*Ayala v. World Sav. Bank*, 616 F. Supp. 2d 1007 (C.D. Cal. 2009) (HOLA preempted claim based

on lender's misrepresentation that plaintiff could afford loan payments; claim implicated "terms

of credit" under 12 C.F.R. § 560.2(b)(4)).

       Additionally, all claims based on the conduct of the lender related to the subsequent

7

transfer or securitization of the plaintiffs' mortgage clearly fall within the areas of preemption set forth in the statute and recognized by the courts. In part, plaintiffs' conspiracy claim is based on the contention that their mortgage was improperly assigned and that Wells Fargo, or any of the named defendants, did not own the loan – therefore foreclosure was improper. Plaintiffs' challenge to Wells Fargo's ownership of the loan is preempted by § 560.2(b)(10) ("processing, origination, servicing, sale [of] … mortgages.") *See Jacob Winding v. Cal-Western Reconveyance Corporation*, 2011 U.S. Dist. LEXIS 8962 *33-34 (E.D. Cal. Jan. 24, 2011) ("Wells Fargo is correct that Section 560.2 preempts the complaint's allegations as to misconduct surrounding foreclosure originating from negotiable instrument issues.")

In *Sanchez v. Wachovia Mortgage, FSB*, 2011 U.S. Dist. Lexis 2444 *6-8 (S.D. Cal. Jan 10, 2011), the Court found that HOLA applies to Wachovia Mortgage, FSB (and its successor Wells Fargo) and it preempts claims that a foreclosure is invalid because defendants did not possess the original promissory note. "[C]laims of misconduct surrounding the foreclosure proceedings clearly fall under the preemption provisions for 'processing, origination, sale or purchase of . . . mortgages' and 'disclosure.'" *Id.* at *6-8.

Plaintiffs cannot "plead around" the fact that the Complaint is based on matters preempted by federal regulations. *Hava v. U.S. Bancorp*, 2009 U.S. Dist. LEXIS 119857 (N.D. Cal. Dec. 22, 2009) ("the [complaint] is preempted by HOLA and as a result, any amendment would be futile.") Thus, the plaintiff's conspiracy to commit fraud claim should be dismissed without leave to amend.

## 4. THE SECOND CLAIM FOR RELIEF (VOID SALE FROM ULTRA VIRES ACT) FAILS TO STATE A CLAIM AND IS PREEMPTED BY HOLA.

Plaintiffs allege they are entitled to rescission of the Note and Deed of Trust because Defendants "did not have the power under their charter" to "illegally sell the rights and interests in Plaintiffs' loan instruments as unregistered securities . . . ." Comp., ¶ 65.

It is questionable whether a claim for relief to void a sale for ultra vires acts even exists under California law. Ultra vires acts are typically raised as a defense, and when it is asserted to void a contract that is "not obnoxious either to law or public policy, but merely in excess of" a

8

corporate maker's powers, "the **defense is looked upon by the courts with disfavor**." *Aitken v. Stewart*, 129 Cal. App. 38, 42 (emphasis added) (sustaining demurrer, without leave to amend, to claim of debtor's successor alleging that that note and deed of trust were "beyond the powers of [debtor] and ultra vires and void"); *see also*, *Ultreras v. Recon Trust Co.*, 2010 U.S. Dist. LEXIS 55626 (C.D. Cal. June 7, 2010) (dismissing "ultra vires" claim seeking to void loan agreement; "it is unclear how the corporate 'ultra vires' doctrine has any relevance to this case").

Plaintiffs' claim appears to be a mislabeled claim for cancellation of instruments. *See Hironymous v. Hiatt*, 52 Cal. App. 727, 731 (1921). As explained below, their claim is fatally defective.

## A. Plaintiffs Have Not Alleged A Tender Of The Amounts They Received Under The Loan Agreement.

A plaintiff seeking cancellation of an instrument must "restore to the defendant everything of value which the plaintiff has received from defendant under the agreement." *Star Pac. Invest., Inc. v. Oro Hills Ranch, Inc.*, 121 Cal. App. 3d 447, 457-458 (1981); Civ. Code § 1691; *see Periguerra v. Meridas Capital, Inc.*, 2010 U.S. Dist. LEXIS 8082, *9-12 (N.D. Cal. Jan. 29, 2010) ("Unless and until they properly allege a willingness to tender, Plaintiffs cannot seek rescission of the loan or Deed of Trust."). Indeed, in the case cited by plaintiffs in their Complaint, *Central Transp. Co. v. Pullman's Palace Car Co.*, 139 U.S. 24, 60, 11 S. Ct. 478, 35 L. Ed. 55 (1890) (Comp., ¶ 66), the U.S. Supreme Court observed: "A contract ultra vires being unlawful and void, not because it is in itself immoral, but because the corporation, by the law of its creation, is incapable of making it, the courts, while refusing to maintain any action upon the unlawful contract, have always striven to do justice between the parties, so far as could be done consistently with adherence to law**, by permitting property or money, parted with on the faith of the unlawful contract, to be recovered back, or compensation to be made for it**." (Emphasis added.)

Equity requires plaintiffs to pay back the money they borrowed as a condition to cancellation of the Note and Deed of Trust. The original loan amount was $487,500 (Exh. A), and the Deed of Trust shows that $76,175.03, was overdue as of May 2, 2011. Exh. F. Plaintiffs

9

have not alleged that they have tendered the amount they owe to Wells Fargo or that they are able to do so.  Thus, they cannot state a claim for cancellation of their loan agreement.

### B.  The Claim Is Preempted By HOLA.

Plaintiffs' claims are based on the contention that their note was sold off to some third party, i.e. securitized, and therefore, Wells Fargo no longer has the Note, and lacks the authority to foreclose on the Subject Property.  At a minimum, this alleged conduct clearly involves the "processing" and the "sale" of the plaintiffs' mortgage, and thus falls within the scope of preemption under HOLA.  Courts have applied HOLA to preempt similar claims challenging a foreclosure sale on the basis that the lender did not possess the original promissory note.  *Winding v. Cal-Western Reconvey. Corp.*, 2011 U.S. Dist. LEXIS 8962 (E.D. Cal. Jan. 21, 2011) (HOLA preempted conversion claim against lender for failing to produce original note; claims implicated 12 C.F. R. § 560.2(b)(10) concerning "sale or purchase of . . . or participation in, mortgages." *Id.* at *33-34; *see also Sanchez v. Wachovia Mortg., FSB*, 2011 U.S. Dist. LEXIS 2444, 18-19 (S.D. Cal. Jan. 10, 2011) (HOLA preempted claims asserting that foreclosure was invalid because defendants did not possess original note; claim implicated 12 C.F.R. § 560.2(b)(10) ("processing, origination, sale or purchase of ... mortgages" and 12 C.F.R. § 560.2(b)(9) ("disclosure[s]").

### 5.  THE THIRD CLAIM FOR RELIEF (IMPROPER CONVERSION AND ALTERATION OF THE NOTE AND MORTGAGE DEED) FAILS TO STATE A CLAIM AND IS PREEMPTED BY HOLA.

Plaintiffs allege that "[t]he securitization of the note constitutes a conversion of the asset from a negotiable instrument pursuant to the UCC into a security pursuant to the SEC, rendering it null, void, nontransferable, and unenforceable."  Comp. ¶ 70.

### A.  Plaintiffs Have Failed to Plead The Elements Of Conversion.

The elements of conversion are: (1) plaintiff's ownership or right to possession of the property; (2) defendant's conversion by a wrongful act or disposition of property rights; and (3) damages.  *Burlesci v. Petersen*, 68 Cal. App. 4th 1062, 1066 (1998).  Plaintiffs have not alleged any of these elements.

First, plaintiffs have not alleged their ownership or right to possession of the Note or Deed

10

of Trust—nor can they do so. The *beneficiary* or its successors or assignee (in this case, Wells Fargo) owns the loan—not plaintiffs.

Second, plaintiffs cannot establish a "wrongful" act or disposition of property rights. Other courts have dismissed claims alleging that securitization of a mortgage constitutes "conversion." *See Marty v. Wells Fargo Bank*, 2011 U.S. Dist. LEXIS 29686, *20-21 (E.D. Cal. Mar. 21, 2011) ("plaintiff also claims that the 'securitization' of the note was an improper conversion and alteration of the note and deed of trust, undertaken without his consent and rendering the mortgage and Deed of Trust unenforceable against him. This claim is frivolous, has no support in the law and should be dismissed with prejudice."); *Sarmiento v. Bank of New York Mellon*, 2011 U.S. Dist. LEXIS 24365 (D. Hawaii Mar. 10, 2011) (rejecting the notion that securitization of a mortgage loan provides a mortgagor with a cause of action and finding that such allegations fail to support a cognizable claim of conversion); *Sanchez v. American Brokers Conduit*, 2011 U.S. Dist. LEXIS 4150 (C.D. Cal. Jan. 14, 2011) (dismissing with prejudice borrower's RICO claim containing allegations regarding securitization of mortgage loans and conversion).

Third, plaintiffs have not alleged facts showing any injury resulting from the securitization. They have not alleged that they made payments to an incorrect party, or that someone other than Wells Fargo is seeking to foreclose on their Property.

Since none of the elements of conversion have been pled, the claim should be dismissed.

**B.    The Claim Fails Because Plaintiffs Have Not Alleged Tender Of Their Indebtedness.**

Plaintiffs seek "restitution, disgorgement of profits, declaratory relief, and a permanent injunction enjoining Defendants from enforcing the Note and Deed of Trust. *Id.*, ¶ 34. Plaintiffs have not alleged that they have tendered the loan proceeds to Wells Fargo or that they are able to do so. Thus, they are not entitled to equitable relief. *Star Pac.*, 121 Cal. App. 3d at 457-458; *Periguerra*, 2010 U.S. Dist. LEXIS 8082 at *9-12.

**C.    The Conversion Claim Is Preempted By HOLA.**

Plaintiffs assert that the Deed of Trust was converted by securitization. Comp. ¶ 70. As

11

discussed above, this claim thus implicates 12 C.F.R. § 560.2(b)(10) concerning "sale or purchase of . . . or participation in mortgages" and is thus preempted by HOLA.

**6.** **THE FOURTH CLAIM FOR RELIEF (FRAUDULENT MISPRESENTATION AS TO STANDING TO FORECLOSE) FAILS TO STATE A CLAIM AND IS PREEMPTED BY HOLA.**

As with their previous claims, the plaintiffs' fraud claim is premised on both affirmative misrepresentations and concealment of facts arising from the alleged securitization of their loan. Comp., ¶¶ 107-109. They allege that "Defendants' actions against Plaintiffs' property in foreclosure is a wrongful and illegal act by FRAUDULENT MISREPRESENTATION AS TO STANDING TO FORECLOSE. . . ." *Id.*, ¶ 88. They further allege that Wells Fargo lacks standing to foreclose because "the assignment of Plaintiff's mortgage to Defendants is shown to be invalid, if not illegal or fraudulent . . . ., voiding the standing of Defendants, as the assignment was made solely to facilitate foreclosure, and proves no ownership of the Plaintiffs' loan whatsoever by the Defendants, and on this basis the attempted foreclose claims of the Defendants are invalid and/or fraudulent." *Id.*, ¶ 109.

**A.** **The Fraud Claim Is An Improper Attempt To Use The Courts To Challenge Wells Fargo's Standing To Foreclose.**

The gravamen of plaintiff's fraud claim is that Wells Fargo has no standing to foreclose because the at the end of the securitization process "equitable title to Plaintiff's [sic] Property was held by hundreds of investors, none of which are recorded." Comp. ¶ 39.

In *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149 (2011), the plaintiff asserted a claim for "Wrongful Initiation of Foreclosure," alleging that the party that directed initiation of foreclosure was not the note's "rightful owner nor acting with the rightful owner's authority." He also sought declaratory relief on the issue of whether "[Civil Code section 2924, subdivision (a)] allows a borrower, before his or her property is sold, to bring a civil action in order to test whether the person electing to sell the property is, or is duly authorized to so by, the owner of a beneficial interest in it." *Id.* The trial court sustained a demurrer without leave to amend, and the Court of Appeal affirmed.

12

By asserting a right to bring a court action to determine whether the owner of the Note has authorized its nominee to initiate the foreclosure process, [plaintiff] is attempting to interject the courts into [Civil Code § 2924 et seq.'s] comprehensive nonjudicial scheme. As Defendants correctly point out, [plaintiff] has identified no legal authority for such a lawsuit. Nothing in the statutory provisions establishing the nonjudicial foreclosure process suggests that such a judicial proceeding is permitted or contemplated. . . .

Because California's nonjudicial foreclosure statute is unambiguously silent on any right to bring the type of action identified by [plaintiff], there is no basis for the courts to create such a right.

*Id.* at 1154, 1156. *See also*, *Nguyen v. Calhoun*, 105 Cal. App. 4th 428, 440 (2003) (California law does not require production of the original note prior to initiation of nonjudicial foreclosure proceedings); *Waqavesi v. Indymac Fed. Bank, FSB*, 2009 U.S. Dist. LEXIS 105555, *21 (E.D. Cal. 2009) (dismissing claim alleging foreclosing entity "was not in possession of the Note and is not a beneficiary, assignee, or employee of the entity in possession of the Note, and is therefore not a 'person entitled to enforce' the security interest on the property in accordance with section 3301" of the UCC).

Plaintiffs' claim, while titled "fraud," is simply another variation of the *Gomes* complaint, which sought to challenge the foreclosing entity's standing to proceed with foreclosure. Such a claim should not be permitted to stand.

### B. Plaintiffs Have Not Stated A Claim For Fraud.

As stated above in connection with the conspiracy claim, the elements of fraud or deceit are: (1) a misrepresentation; (2) knowledge of the falsity of the misrepresentation, *i.e.,* scienter; (3) justifiable reliance; and (4) resulting damages. *Cadlo, supra,* 125 Cal. App. 4th at 519. Once again, plaintiffs have failed to plead the elements necessary to maintain a claim for fraud against

13

Wells Fargo.

i.  **Plaintiffs Have Not Alleged A "Misrepresentation."**

At most, plaintiffs have alleged that Defendants have initiated foreclose proceedings. They have not identified any oral representation or document that included a false statement of fact concerning any party's standing to foreclose, much less the identity of the persons *who* made the misrepresentation, that person's *authority to speak, when* the statements were made, or *to whom*. These allegations fall well short of the requirements for pleading fraud against an entity defendant with specificity. *Silicon Knights,* 1997 U.S. Dist. LEXIS 17890 at *36; *Tarmann,* 2 Cal. App. 4th at 157.

ii.  **Plaintiffs Have Not Pled Facts Establishing Justifiable Reliance And Damages.**

Plaintiffs allege that, as a result of "these [unidentified] fraudulent misrepresentations and failures of disclosures and Plaintiffs' justifiable reliance upon the same, the Plaintiffs has [sic] been damaged by denying her the right to full disclosure of these fraudulent misrepresentations by which they would have had the cause, incentive and opportunity to make defenses against enforcement of the contract they now faces [sic]." Comp. ¶ 110.

"A fraudulent misrepresentation is not actionable unless plaintiff's conduct on reliance thereon caused the loss for which plaintiff seeks damages." *Bezaire v. Fidelity & Deposit Co.,* 12 Cal. App. 3d 888, 892-893 (1970). In *Bezaire*, plaintiff attached assets of a debtor. A surety provided an undertaking, and the attaching officer released the assets. The surety's obligation to pay was triggered when plaintiff could not recover from the debtor. When the surety refused, plaintiff sued, asserting various claims including fraud, alleging that the undertaking falsely stated that the surety would pay when obligated to do so. Plaintiff alleged that he relied on the statement by "[taking] no further action to secure any Judgment he might obtain." *Id.* at 892. The trial court dismissed the fraud claim, and the Court of Appeal affirmed.

> [Plaintiff's loss] was not the result of plaintiff's having acted, or
> having failed to act, in reliance on the surety's false promise. The
> causative factor is missing since, as far as we are aware, plaintiff

14

1    could have done nothing to improve his position had he known

2    initially that the surety did not intend to pay pursuant to the

3    undertaking the moment plaintiff met the conditions precedent to

4    the obligation of the surety to pay.

5   *Id*. at 893. "There is nothing in the complaint which indicates what plaintiff might have done to

6   'secure' any judgment he might obtain or to put himself in a better position had he known the

7   falsity of the surety's promise. . . ." *Id.* at 892.

8    [P]laintiff says only that he 'would not have accepted and relied

9    upon' the surety's undertaking if he had known the truth. But

10    plaintiff did not 'accept' the undertaking. The attaching officer was

11    required to release the attached property when the undertaking was

12    given.

13  *Id.*

14      Here, even assuming for the sake of argument that Wells Fargo falsely held itself out as

15  the beneficiary in the notice of default, plaintiffs allege no facts establishing that they acted or

16  failed to act in reliance on such statement. Just as the plaintiff in *Bezaire* did not "accept" the

17  undertaking, plaintiffs did not "accept" the notice of default. The "causative factor is missing"

18  since "plaintiff[s] could have done nothing to improve [their] position had [they] known initially"

19  that the foreclosure notices identified the wrong party as beneficiary. *Id*. at 893. The absence of

20  justifiable reliance defeats plaintiffs' fraud claim.

21      Plaintiffs also have not alleged damages. Plaintiffs do not contend that the

22  "misrepresentation" caused them to pay some other party who claimed to be the beneficiary.

23  While they alleges that they would have asserted "defenses against enforcement of the

24  contract," they do not identify such defenses or allege facts showing how they were injured by

25  their failure to assert the defenses sooner. Indeed, their assertion that they has been *deprived* of

26  defenses is undermined by the fact that they are vigorously asserting those defenses *now* to

27  avoid repaying their loan. The absence of damages also defeats plaintiffs' fraud claim.

28

15

### C.    Plaintiffs Have Not Stated A Claim For Fraudulent Concealment.

The elements of fraudulent concealment are:  "'(1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage.'"  *Kaldenbach v. Mutual of Omaha Life Ins. Co.*, 178 Cal. App. 4th 830, 850 (2009) (citation omitted).

To the extent that plaintiffs are asserting that Wells Fargo fraudulently failed to disclose post-closing securitization, the claim fails because they have not pled the concealment of a "material" fact, a duty to disclose on Wells Fargo's part, justifiable reliance, or damages.

First, plaintiffs have not alleged any facts suggesting that a post-closing securitization of the loan was somehow **material** to their decision to enter into the loan.

Second, they have not alleged facts showing that Wells Fargo had a duty to disclose securitization.  "[E]ven if material facts are known to one party and not the other, failure to disclose those facts is not actionable fraud unless there is some fiduciary or confidential relationship giving rise to a duty to disclose."  *Kovich v. Paseo Del Mar Homeowners' Assn.*, 41 Cal. App. 4th 863, 866 (1996).

In this case, the Note expressly states that it might be transferred:  plaintiffs agreed to repay World Savings Bank, FSB, its successors or assignees, "***or anyone to whom this Note is transferred.***"  RJN, Ex. A (Note), ¶ 1 (emphasis added).  Moreover, a loan transaction ordinarily does not give rise to a fiduciary or confidential relationship.  *Perlas v. GMAC Mortg., LLC*, 187 Cal. App. 4th 429, 436 (2010); ("absent special circumstances . . . a loan transaction is at arm's length and there is no fiduciary relationship between the borrower and lender."); *Nymark v. Heart Fed. Sav. & Loan Assn.*, 231 Cal. App. 3d 1089, 1095 (1991) ("as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."); *see also Saldate v. Wilshire Credit Corp.*, 268 F.R.D. 87 (E.D. Cal. 2010) (dismissing negligence

claim based on lender's "fail[ure] to maintain the original Mortgage Note" and "fail[ure] to properly assign or transfer the negotiable instrument(s)" because "[t]he complaint lacks facts of special circumstances to impose duties on [the lender] in that the complaint depicts an arms-length loan transaction, nothing more.").  The Complaint is devoid of facts showing that plaintiffs' loan was something other than an arms-length loan transaction.  Wells Fargo had no duty to disclose post-closing securitization of the Note, and accordingly, it cannot be liable for failing to disclose such transfers.

Third, as explained above, plaintiffs allege no facts showing justifiable reliance or damages.

**D.    Any Fraud Claim Is Time-Barred.**

Plaintiffs allege that the "Debt instruments of this contract were not assigned to Defendants by the then present holder, until May 26, 2005, some weeks or months after the closing date of September 29, 2005 for the REMIC start-up period of the Pooling and Service Agreement."  Comp. ¶ 109.  First, the plaintiffs did not even signed the Note and Deed of Trust until July 18, 2005.  Comp. ¶ 6, Exhs. A, B.  Therefore, plaintiffs are alleging an unlawful transfer of the loan documents almost two months before these documents even existed.  According to the plaintiffs' own allegations their entire securitization argument makes no sense.  There is simply no way that plaintiffs' mortgage could be a part of the investment pool referred to in the complaint, if the transfer of the debt instruments into this investment took place *before* the plaintiffs' Note and Deed of Trust were even created and executed.

Second, for the same reasons discussed above with respect to plaintiff's conspiracy claim, this fraud claim is also subject to a three-year statute of limitations, Civ. Proc. Code § 338(d), and since the fraud claim premised on a "fraudulent" transfer of the Note the took place in 2005, this claim is also time-barred.  Also, for the reasons cited above, plaintiffs cannot rely on the delayed discovery rule to bring this claim.

Plaintiffs allege that they "did not discover either the nature or the extent of this FRAUD AND DECEIT, and MISREPRESENTATION perpetrated upon him [sic] by the Defendants until a date on or about June 2011."  Comp. ¶ 110.  This claim suffers from the same defect as their

17

conspiracy claim. They do not allege facts showing that they were prevented from discovering the fraud some time before the statute of limitations expired in 2008. Accordingly, the statute of limitations is not tolled, and the claim is time-barred.

**E.**   **Plaintiffs Are Not Entitled To A Release Of Lien Or Quiet Title In Connection With The Fraud Claim Because They Has Not Alleged Tender Of Her Indebtedness.**

Plaintiffs ask the Court to "release [Wells Fargo's] lien and restore quiet title to Plaintiffs." Comp. ¶ 115. Plaintiffs have not alleged that they have tendered the loan proceeds to Wells Fargo or that they are able to do so, and thus, they are not entitled to quiet title or a release of lien. *See Star Pac.,* 121 Cal. App. 3d at 457-458; *Shimpones v. Stickney*, 219 Cal. 637, 649 (1934) ("a mortgagor cannot quiet his title against the mortgagee without paying the debt secured.")

**F.**   **The Fraud Claim Is Preempted By HOLA.**

Courts have applied HOLA to preempt similar claims challenging a foreclosure sale on the basis that the lender did own the loan. *Winding,* 2011 U.S. Dist. LEXIS 8962 at *33-34 (conversion claim against lender for failing to produce original note implicated 12 C.F.R. § 560.2(b)(10) concerning "sale or purchase of . . . or participation in, mortgages.") *Sanchez,* 2011 U.S. Dist. LEXIS 2444 at *18-19 (claims asserting that foreclosure was invalid because defendants did not possess original note implicated 12 C.F.R. § 560.2(b)(10) ("processing, origination, sale or purchase of ... mortgages" and 12 C.F.R. § 560.2(b)(9) ("disclosure[s]")). Plaintiffs' claim for fraudulent misrepresentation is explicitly based on the "processing" and alleged "sale" of the plaintiffs' mortgage, therefore, it falls squarely within those areas that are preempted by HOLA.

**7.**   **PLAINTIFF'S FIFTH CLAIM FOR RELIEF (QUIET TITLE) FAILS TO STATE A CLAIM AND IS PREEMPTED BY HOLA.**

The quiet title claim appears to be premised on plaintiffs' assertion that the Note and Deed of Trust are unenforceable because of events that occurred *after* the loan closed and funded. Plaintiffs allege that the "claims of Defendants are without any legal or equitable right, and

18

Defendants have no right, title, estate, lien, or interest in said Property." Comp. ¶ 120.
Additionally, plaintiffs' claim that "Defendants have failed, upon request and demand, to produce authenticated documents establishing that they are the holder in due course of the promissory note, with legal standing to enforce said note." Comp. ¶125.

To state a quiet title claim, a plaintiff must allege by verified complaint: (1) a description of the property; (2) the title of plaintiff as to which a determination is sought and the basis of the title; (3) the adverse claims to the title of plaintiff; (4) the date as of which the determination is sought, and (5) a prayer for the determination of the title of plaintiff against the adverse claims. Code Civ. Proc. § 761.020.

The quiet title claim is fatally defective. The complaint is **not verified,** and plaintiffs have not alleged that they have **tendered their indebtedness** to Wells Fargo. *Shimpones,* 219 Cal. at 649. The quiet title claim is also **preempted by HOLA** for the same reasons as the conversion and "ultra vires" claims—*i.e.*, it implicates 12 C.F. R. § 560.2(b)(10) concerning "sale or purchase of . . . or participation in, mortgages" and 12 C.F.R. § 560.2(b)(10) concerning "processing, origination, sale or purchase of ... mortgages." *Winding,* 2011 U.S. Dist. LEXIS 8962 at *33-34; *Sanchez,* 2011 U.S. Dist. LEXIS 2444 at *18-19.

### A.    Wells Fargo is the owner of plaintiff's Loan and the beneficiary to the Deed of Trust.

In support of their quiet title claim, plaintiffs' allege that Wells Fargo's interest in the Deed of Trust "are no longer valid and should be declared void." Comp. ¶ 123. However, as set forth in detail above, at the time the foreclosure proceedings were commenced against the Subject Property, the chain of succession from the original lender, World Savings, clearly establishes that Wells Fargo is the beneficiary to the Deed of Trust, and was legally authorized to exercise its rights to foreclose.

### B.    Plaintiffs' Non-Consent To Securitization.

The Note and Deed of Trust do not require Wells Fargo to obtain plaintiffs' consent in the event the loan is assigned or securitized, and there is no term prohibiting assignments or securitization. Nor is Wells Fargo aware of any statute or regulation requiring such consent.

1  Thus, the failure to obtain plaintiffs' consent cannot possibly be a basis for invalidating the Deed

2  of Trust.

3      Because plaintiffs have not demonstrated any basis for invalidating the Deed of Trust,

4  they are not entitled to an order quieting title.

5  **8.**     **CONCLUSION.**

6      For the foregoing reasons, and because no amount of amendment can cure the defects

7  articulated above, Wells Fargo respectfully asks the Court to grant the defendant's motion to

8  dismiss as to all of plaintiffs' claims for relief, without leave to amend.

9                              Respectfully Submitted,

10  Date: September 26, 2011          ANGLIN FLEWELLING RASMUSSEN
                                      CAMPBELL & TRYTTEN, LLP
11

12                              By:  _____/s/ Dean A. Reeves_____
                                      Dean A. Reeves
13                                    dreeves@afrct.com
                                 Attorneys for Defendant WELLS FARGO BANK,
14                               N.A., successor by merger with Wells Fargo Bank
                                 Southwest, N.A., formerly known as Wachovia
15                               Mortgage, FSB, formerly known as World Savings
                                 Bank, FSB ("Wells Fargo") (erroneously sued
16                               separately as Wells Fargo Bank, N.A. and World
                                 Savings Bank, FSB)

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN, LLP, 199 South Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

On the date below, I served a copy of the following document described as **NOTICE OF MOTION AND MOTION BY WELLS FARGO TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** on all interested parties in said case addressed as follows:

*Served Electronically via Court's*
*CM/ECF System:*

*Served by Other Means:*
*Plaintiffs Pro Se:*
Cesario Ocampo
Aura Ocampo
3718 Brunswick Court
South San Francisco, CA 94080

☒   **BY MAIL:** By placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Pasadena, California, in sealed envelopes with postage fully thereon.

☒   **FEDERAL:** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. This declaration is executed in Pasadena, California, on **September 26, 2011.**

| | |
|---|---|
|     Diane Kinder | /s/ Diane Kinder |
| (Print Name) | (Signature) |

21