OFFICE OF THE CLERK
**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CALIFORNIA 94102



KATHLEEN M. SHAMBAUGH
ACTING CLERK OF COURT

October 19, 2021

In re: *Ocampo v. Bancorp*, *et al.*, 3:11-cv-04646-CRB

Dear Counsel,

I have been contacted by Judge Breyer, who presided over the above-mentioned case. Judge Breyer informed me that he has determined that for part of the time he presided over the case (specifically, between September 26, 2011 and October 28, 2011) he owned stock in Bancorp. His ownership of stock neither affected nor impacted his decisions in this case. However, his stock ownership would have required recusal or divestiture under the Code of Conduct for United States Judges. Accordingly, Judge Breyer directed that I notify the parties of the conflict.

This case was removed to federal court on September 19, 2011, and was assigned to Judge Breyer on September 26, 2011. Dkt. No. 8. On September 26, 2011, defendant Wells Fargo Bank N.A. filed a motion to dismiss for failure to state a claim. Plaintiff did not respond to the motion to dismiss. On October 14, 2011, the court ordered plaintiff to show cause as to why the case should not be dismissed for failure to prosecute. Dkt. No. 15. Plaintiff did not respond to the Order to Show Cause. On October 28, 2011, the court dismissed the case for failure to prosecute. Dkt. No. 17.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

//

//

With Advisory Opinion 71 in mind, you are invited to respond to Judge Breyer's disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before October 29, 2021. Any response will be considered by another judge of this court without the participation of Judge Breyer.

Sincerely,

Katherine M. Shambaugh
Acting Clerk of Court